In re WINKELMAN.

No. B—24917.

District Court, D. Oregon.

March 5, 1941.

Order affirmed, 123 F.2d 78.

Moe M. Tonkon, of Portland, Or., for alleged bankrupt.

Willis West, of Portland, Or., for petitioning creditors.

McCOLLOCH, District Judge.

T. Ogami, a creditor of Isidore Winkelman in the admitted amount of $1,637.50, filed herein a petition to have the debtor adjudged a bankrupt. An act of bankruptcy was alleged and proved at the trial. The alleged bankrupt first defended on the ground that he had more than twelve creditors and that the required number of three had not joined in the petition. In his answer he set forth the name, address and the amount owing to each of twenty creditors; and then alleged affirmatively "that none of the creditors described herein save and except Darnstadt-Scott-Courtney Company had received any preference, lien or transfers void under the bankruptcy act."

Before the trial three more creditors, having admittedly provable claims against the debtor, were permitted to intervene and join in the petition. It was conceded that the debtor had more than twelve creditors computed as provided in subdivision e of Section 59, 11 U.S.C.A. § 95, sub. e. Therefore there was no issue as to how many creditors must join in the petition. It was conceded that at least three creditors must join. This requirement was more than met before the trial by the intervention of the three additional creditors.

Section 59, sub. e provides that certain classes of creditors, including those who have received preferences, shall not be counted "in computing the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition"; that is, whether one or three must join. The purpose of the computation is to ascertain whether there are less than twelve creditors, not counting those in the excluded classes. If so, one creditor may file the petition, otherwise three must join. Here we have more than twelve creditors, and the required number have joined in the petition by intervention.

At the time of the pre-trial the court permitted the alleged bankrupt to amend his answer to the original petition and to the petitions of the intervening creditors by inserting "that the petitioning creditor and the intervening petitioning creditors, and each of them, have received preferences which they have not returned, or offered to return in their petition."

It now appears that this amendment is not only inconsistent with the affirmative allegations of the alleged bankrupt's own answer, but it raised an issue that had no place in this trial. It is true that there are some decisions under the law before it was clarified by amendments of the Chandler Act which held that a petitioning creditor who had received a voidable preference cannot be counted as one of the required number of petitioning creditors until he has surrendered or offered to sur-

render the preference. The amendments effected by the Chandler Act clearly indicate that the only qualification of a petitioning creditor is that he must have a provable claim "fixed as to liability and liquidated as to amount." In this respect the petitioning and intervening creditors admittedly are qualified.

■ I can find nothing in the bankruptcy act which prohibits a creditor who has received a preference from acting as a petitioning creditor. Having a provable claim is one thing; the allowance of the claim is another. It is true that Section 57, sub. g, 11 U.S.C.A. § 93, sub. g, provides that the claim of a creditor who hàs received a preference will not be allowed until he surrenders the preference; but this relates only to the allowance of the claim and not to its provability. A claim is provable if it is fixed as to liability and liquidated as to amount, and this is all that the act requires.

■ The claims of all the petitioning and intervening creditors are provable, fixed as to liability and liquidated as to amount. It is not necessary, nor is this the time, to determine whether any petitioning creditor has received a preference or on what conditions his claim may be allowed.

■ The decree of adjudication in an involuntary bankruptcy is not res judicata as to the amount or validity of the claims of petitioning creditors when subsequently presented for allowance to share in dividends. In re Continental Engine Co., 7 Cir., 234 F. 58, 37 A.B.R. 102; In re Harper, D.C.N.Y., 175 F. 412, 23 A.B.R. 918; Sections 530 and 966 Remington 4th Edition.

■ The Chandler Act eliminated the right of creditors to file an answer and oppose an involuntary petition. In reporting on this amendment the Committee on the judiciary of the House declared "A creditor should not be permitted to oppose an adjudication; invariably, the motive of such a creditor is to protect a preference or to retain some undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act—an equitable distribution among all creditors." (Report of House Committee on the Judiciary No. 1409 July 29, 1937, page 17). If Congress eliminated the right of creditors to oppose a petition on the ground that they might thereby protect preferences received, is it reasonable to read into the act the right of the alleged bankrupt to attempt to disqualify a petitioning creditor by proving that he has received a voidable preference? To do so is to permit the alleged bankrupt to take advantage of his own wrong. If creditors who may have received preferential payments·join in an involuntary petition they must have cogent reasons for believing that the best interests of all creditors will be served by having the common debtor adjudged a bankrupt. In so doing they run the risk of having to surrender a preference before their claims will be allowed. There can be no voidable preference until there is an adjudication in bankruptcy. The alleged bankrupt has no right to ask or receive the surrender of an alleged preference. This right accrues only after bankruptcy and vests only in the trustee.

In the case of Reed v. Thornton, 43 F.2d 813, this court was affirmed by the United States Circuit Court of Appeals, Ninth Circuit, in holding that where the bankruptcy court has obtained jurisdiction by the filing of a petition by sufficient creditors in number and amount of claims the subsequent payment by the bankrupt of one or more of the petitioning creditors will not deprive the court of jurisdiction. Judge Wilbur who wrote the opinion said, "The jurisdiction of the court attaches from the filing of a petition signed by three creditors whose claims aggregate $500. Subsequent payment by the bankrupt of some of these creditors could not deprive the court of jurisdiction." If the acceptance of a preferential payment by a petitioning creditor after the filing of a petition does not disqualify him, then a fortiori, the acceptance of a payment by a creditor within the preceding four months will not disqualify him as a petitioning creditor.

An offer of the creditors, accused by the bankrupt of having received preferences, to surrender such preferences would be but an idle gesture. Why should a creditor be required to offer to do that which the law requires must be done before his claim will be allowed? In this case it is doubtful whether the payments received by the creditors constitute preferences, but if they do, it will be the duty of the referee to disallow their claims unless the preferential payments are surrendered.

Let an order of adjudication be entered herein.