## KLEIN v. LEADER ELECTRIC CORPORATION (FIRST NAT. BANK OF CHICAGO, Third-Party Defendant).

### No. 48 C 425.

United States District Court  
N. D. Illinois, E. D.  
Nov. 17, 1948.

Collen & Kessler, of Chicago, Ill., for Klein.

Miller, Gorham, Wescott & Adams, of Chicago, Ill., for Leader.

Amberg, Kearns & Dahlin, of Chicago, Ill., for First Nat. Bank.

CAMPBELL, District Judge.

Plaintiff brought this action seeking reclamation of certain property, or its money value, transferred by the Bankrupt to Leader Electric Corporation within four months prior to the filing of a petition in bankruptcy against the Bankrupt. The complaint alleged that (a) the transfer of certain goods and fixtures was fraudulent under Section 67, sub. d(3) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(3), inasmuch as the proceeds were used to effect a preference to the First National Bank; (b) the transfer of goods violated the Illinois Bulk Sales Act, Ill.Rev.Stats.1947, c. 121½, § 78 et seq., and hence was violative of Section 70, sub. e(1) and (2) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1, 2).

Leader denied substantially all the allegations of the complaint, and served the following interrogatories on plaintiff under Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A.: (1) An itemization of the goods, equipment, etc., owned by the Bankrupt at the time of the transactions, and a statement of their value; (2) An itemization of the goods, and their value, listed in Paragraph 4 of the complaint, i. e., office furniture; (3) A list of the creditors of the Bankrupt at the time of the transactions, the amount of each claim, and whether it was provable at that time; (4) An itemization of the disposition of the moneys paid by Leader to the Bankrupt; (5) Whether plaintiff has any knowledge, information or belief that the books and records of the Bankrupt were inaccurate as to anything in Interrogatory No. 4. The plaintiff duly objected to the interrogatories on the ground that the books and records of the Bankrupt were readily accessible to Leader, and that they called for opinions or conclusions of the plaintiff.

Shortly thereafter, Leader filed a third party complaint against the Bank, seeking indemnity on the ground that the Bank, at the time of the transactions in question, knew as much or more of the Bankrupt's financial condition than Leader, and that Leader was induced to enter into the transactions by the representations of the Bank. The Bank moved to dismiss the complaint against it on the ground that Leader had no valid claim against it.

Plaintiff's objections to the interrogatories are well taken. The books and records of the Bankrupt are in the possession of plaintiff, as Trustee, and are, therefore, readily available to Leader at all times for the purpose of inspection. I can perceive no valid reason why one party should be obliged to prepare his opponent's case for him. Although there is some authority to the contrary, I consider the better rule to be expressed in Byers Theaters v. Murphy, D. C., 1 F.R.D. 286, 289: "It is also obvious that one party should not be allowed to require another to make investigation, research or compilation of data or statistics for him which he might equally as well make for himself." Also Cf. Coca Cola Co. v. Dixie-Cola Laboratories, D. C., 30 F. Supp. 275.

The goods, equipment, fixtures, etc., the value of which Leader seeks, are in Leader's possession. Their value, therefore, should be better known to it than to plaintiff. All expressions of the value of goods, and the entire Interrogatory No. 5 are matters of opinion and, as such, do not properly come within the scope of Rule 33.

Plaintiff's objections to defendant's interrogatories are, therefore, sustained.

Proceeding to a consideration of the Bank's motion to dismiss the third party complaint, it should be noted that Leader frankly admits that no attempt is made to show that the Bank was guilty of fraud. However, Leader submits a restitutional theory as the basis for its claim, asserting that the Bank undertook to furnish certain information, but failed to furnish all the requisite information. What information was available to the Bank at the time of the transactions, and which was not furnished to Leader, is not alleged. If it can be proved under the principal complaint that Leader was guilty of wrongful conduct in engaging in the transaction with the intent to effect a preference to the Bank, I can see no justification for a court exercising its equitable powers to protect such wrongdoer.

Leader further seeks relief on the basis of unjust enrichment, but it is not clear in what way the Bank has been unjustly enriched at the expense of Leader. The Bankrupt merely sold property to Leader and used the proceeds of the sale to pay a debt which it owed to the Bank. Furthermore, if it is subsequently shown that the payment to the Bank was a voidable preference no right of action accrues to Leader. The only right to set aside a preference resides in the Trustee by virtue of Section 60 sub. b, of the Bankruptcy Act, 11 U.S. C.A. § 96, sub. b, and not in the creditors by way of subrogation or any other means.

The Motion of the First National Bank to dismiss the third party complaint is, therefore, granted.