### In the Matter of MIRACLE MART, INC., Debtor.

### No. 496, Docket 32235.

United States Court of Appeals Second Circuit.

Argued April 26, 1968.

Decided June 3, 1968.

S. Donald Gonson, Boston, Mass. (Hale & Dorr, Frederick G. Fisher, Jr., Boston, Mass., on the brief, for appellants.

Ronald S. Itzler, New York City (Ballon, Stoll & Shyman, Frederick E. M. Ballon, New York City, on the brief), for debtor-appellee.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Appellants seek review of two orders of Referee Asa S. Herzog, affirmed by the United States District Court for the Southern District of New York, Walter R. Mansfield, J., which classified appellants' claims against the debtor Miracle Mart, Inc., as general unsecured claims rather than as costs of administration entitled to priority status. 278 F.Supp. 861 (1968). Miracle Mart has been in the business of operating a chain of retail stores in the midwest and eastern United States. Appellants operated various departments in these stores as independent concessionaires [1]. In De-

---

[1]. One group of appellants, covered by one order of the referee, operated candy, stationery, drug and health and beauty aid departments; another group, appealing the other order, operated jewelry departments.

cember 1966, Miracle Mart filed a petition for a Chapter XI arrangement under section 322 of the Bankruptcy Act, and thereafter continued to operate its business as debtor in possession. The claims of appellants arise out of rejection by the debtor in possession of the debtor's leases with appellants. For reasons stated below, we affirm the district court and the referee.

The issue before us is caused by recent changes in the law affecting filing of claims in a Chapter XI proceeding. The referee's orders were entered in October 1967; at that time, section 355 of the Act fixed a six-month period for such filing. The section read:

> Where a petition is filed under section 322 of this Act, subdivision n of section 57 of this Act shall apply.

Subdivision n of section 57 stated:

> Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *.

During the Chapter XI proceeding and pursuant to section 313(1) of the Act, the referee authorized rejection of Miracle Mart's leases with appellants as burdensome executory contracts. The rejections took place after the six-month period for filing claims had expired. Nevertheless, the referee gave appellants ten days to file their claims, which were then treated as general unsecured claims. Appellants argue that their claims growing out of such rejections had to be classified as costs of administration. They reason that, despite the referee's order, the six-month bar of section 355 prevented them from filing claims as general unsecured creditors, and since they were obviously injured by rejection, their claims must be classified as administration expenses.

The crux of appellants' point is that the bankruptcy court did not have the power to mitiga'e section 355 as it did. The issue must be posed in terms of power, for there can be no question of the basic good sense of treating these claims as general unsecured claims. To accept appellants' position that the claims are properly administration expenses is a windfall for them and unfair to the other creditors. Appellants' claims totalled about $1,500,000. It is not clear from the record before us exactly what the assets of the estate were, but the confirmed plan of arrangement provided for ten per cent cash payment immediately to general unsecured creditors and twenty per cent in later installments. It is most likely that classifying appellants' claims as costs of administration would consume most of the unencumbered estate. Another possibility arises out of appellants' argument that their claims were not "provable" because they arose after the six-month period had elapsed. Assuming *arguendo* that the claims were not provable, it would be possible for that reason to treat the claims as not discharged under section 371 of the Act [2] (although appellants do not press that notion). But this would subject the rehabilitated company to an immense claim which might return it into bankruptcy and undo the Chapter XI proceeding. Either of these two choices would be inequitable and destructive of the aims of Chapter XI. Therefore, there is no doubt that the referee's resolution of the problem was wise; the issue is whether he had the power to do what he did.

Were we to look only to the words of section 355, perhaps we would have to bow to the tyranny of literalness. Cf. In re Petition of Chin Thloot Har Wong, 224 F.Supp. 155, 157 n. 6 (S.D.N.Y. 1963). However, both the purpose of section 355 and the intent of other sections of the Act are significant. Section

---

2. Section 371, by incorporating section 17, provides that a confirmed arrangement discharges only "provable debts."

355 was added to the Bankruptcy Act in 1963. Prior to that time, creditors who did not file claims before confirmation in a Chapter XI proceeding nevertheless participated in distribution if their claims were scheduled by the debtor and were not contingent, unliquidated or disputed. Congress believed that this system was open to abuse; e. g., an unscrupulous debtor could inflate or create claims for favored creditors.[3] The Act was amended in 1963 to require creditors to file claims; section 355 and conforming amendments to various other sections[4] were designed to bring about this fundamental change in the operation of Chapter XI. Obviously, some time period for filing became necessary, and the purpose of the six-month provision was to provide "uniformity" with the time bar period in straight bankruptcy proceedings. 1963 U.S.Code Cong. & Admin.News, 88th Cong., 1st Sess., p. 1103.

However, it seems clear that Congress failed in 1963 to focus with precision on the peculiar problem of executory contracts which were rejected after the six-month period had gone by. It is true that Congress did amend section 369, which deals with retention of jurisdiction by the court of various claims, including those arising from rejection of executory contracts. The amended section 369(3) continued jurisdiction over such claims if filed "within the time prescribed by section 355 * * *" rather than, as before, "within such time as the court may direct." But this is not conclusive on the issue of congressional intent. Thus, section 353, left untouched in 1963, continued to provide that, upon the rejection of an executory contract, "any person injured" by the rejection shall "be deemed a creditor"; the rejection is a breach as of the date of the filing of the original petition for an arrangement. Section 63c of the Act. Similarly, section 313(1) continued to permit rejection of executory contracts in Chapter XI proceedings with no specified minimum time for doing so, in contrast, for example, to the period in straight bankruptcy. Section 70b of the Act.[5] And section 357(2) continued to permit a plan of arrangement to provide for rejection of an executory contract, even though Congress recognized that "very few chapter XI cases are closed within 6 months from the first date set for the first meeting of creditors." 1963 U.S.Code Cong. & Admin. News, supra at p. 1103. But this open-end right to reject executory contracts would be nullified if rejection after the six-month period could upset the entire arrangement because the claim had to be treated as nondischarged or as an administrative expense. Such a result would inevitably leave trustees no alternative but to continue burdensome contracts in force, despite clear congressional intention to the contrary.

■ Therefore, we do not have a time-bar definition so clear that judicial tempering of its harshness cannot be brooked. Instead, we have a series of inconsistent sections which create a fundamental ambiguity. We are required, therefore, to construe the Bankruptcy Act as best we can. We believe that in such circumstances resort to the equitable powers of a bankruptcy court to fashion a remedy for this aberrant situation is justified. Cf. In re Greenpoint Metallic Bed Co., 113 F.2d 881 (2d Cir. 1940). Appellants rely on the numerous cases holding that the bankruptcy court cannot extend the time for filing claims. They cite Fortner & Perrin, Inc. v. Smith, 327 F.2d 801 (9th Cir. 1964); In re Mellen Mfg. Co., 287 F.2d 37 (3d

---

3. See In re Yankee Plastics, Inc., No. 65 B 694 (S.D.N.Y. May 27, 1966) (Referee Babitt); 1963 U.S.Code Cong. & Admin. News, 88th Cong., 1st Sess., pp. 1102–1104.

4. Sections 234, 367(3) and 369(2) and (3).

5. This section, in part, provides:
   The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later, but the court may for cause shown extend or reduce the time.

Cir.), cert. denied, 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961); Avidon v. Halpert, 145 F.2d 884 (2d Cir. 1944); In re Paragon Novelty Bag Co., 135 F.2d 210 (2d Cir. 1943); 3 Collier, Bankruptcy ¶57.27 (14th ed. Moore 1967). But these cases all involved claims filed in straight bankruptcy proceedings, which do not contemplate continued operation of the debtor. More important, in none of them was the court faced, as we are here, with inconsistent portions of the same statutory scheme dealing with executory contracts.

Both sides also seek support in even more recent congressional action, which took effect after the referee's orders. In 1967, after much criticism of the 1963 amendments,[6] Congress again amended section 355. The amended section now provides that creditors in a Chapter XI proceeding shall file their proofs of claim before confirmation, with two exceptions, one of which is that "a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct."[7] Thus, it is now clear that there is no absolute limitation period for filing a claim based upon rejection of an executory contract. Appellants contend that the 1967 amendment is an acknowledgement by Congress that there was such an inflexible time bar from 1963 to 1967; the debtor argues that the later enactment merely clarifies the earlier and confirms the equitable power of the bank-

ruptcy court to resolve an ambiguity. We are comforted that the problem raised here will be minimal in the future because of the latest change in the statute, but after an examination of the legislative history of that change,[8] we do not rest decision upon it, cf. United States v. Roth, 333 F.2d 450 (2d Cir. 1964), cert. denied, 380 U.S. 942, 85 S.Ct. 1020, 13 L.Ed.2d 961 (1965). Instead, we rely on what we regard as the fundamental aim of the 1963 amendments, the intention of the continued sections 313(1), 353, and 357, and the basic purposes of an arrangement proceeding. In sum, we hold that the referee had the power to extend the time here for filing general unsecured claims based upon rejection of the executory contracts.

We have also considered appellants' argument that at least claims for damages as to some of the leases, which were breached by the closing of some of the debtor's stores during the arrangement proceeding, are entitled to priority status. However, "breach" in fact of an executory contract by the debtor during the period of administration does not necessarily make the damages that flow therefrom costs of administration. See In re Greenpoint Metallic Bed Co., supra. The leases were executory when the petition for an arrangement was filed, and the "breach" was followed by court-approved rejection. Under these circumstances, administration status was not justified.

Judgment affirmed.

---

6. E. g., C. Seligson, Creditors' Rights, in 1963 Annual Survey of American Law 457 (1964).

7. Section 355 now reads:
   Creditors, including the United States, any State, and any subdivision thereof, shall file their proofs of claim before confirmation except as follows:
   (1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; and
   (2) a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

8. See 2 1967 U.S.Code Cong. & Admin. News, 90th Cong., 1st Sess., pp. 1996–2002.