**In the Matter of TAMASHA TOWN AND COUNTRY CLUB, a California corporation, Bankrupt.**

**No. 143768–S.**

United States District Court,
C. D. California.

Nov. 4, 1970.

Sulmeyer, Kupetz & Alberts, Los Angeles, Cal., for petitioner on review, trustee Don Rothman.

Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Division, Alan H. Friedman, Asst.

U. S. Atty., Los Angeles, Cal. for respondent on review, United States of America.

## MEMORANDUM AND ORDER ON REVIEW

WESTOVER, District Judge.

Tamasha Town and Country Club, a California corporation, filed a petition under Section 322 of Chapter XI of the Bankruptcy Act of July 31, 1962. On April 28, 1964 Debtor filed a First Amended Plan of Arrangement with the bankruptcy court. At a hearing in the chapter proceedings on November 13, 1964 the Referee in bankruptcy fixed $14,000.00 as the amount of deposit to be made by Debtor pursuant to § 337(2) of the Bankruptcy Act (11 U.S.C. § 737).

A. J. Bumb was appointed disbursing agent on October 2, 1963 and received from the Debtor on December 2, 1964 the sum of $14,000.00. An Order of *Confirmation was entered January 21, 1965,* confirming the First Amended Plan of Arrangement. Between the date of commencement of the chapter proceedings and entry of the Order of Confirmation, the United States of America filed its claim for taxes.

The disbursing agent did not pay to the creditors the amount designated in the confirmed plan of arrangement. Thereafter the Debtor discovered that it could not consummate the plan of arrangement and, as a consequence, was adjudicated bankrupt. A. J. Bumb was appointed Trustee in bankruptcy on November 4, 1965 and on that date transferred the balance of the aforementioned $14,000.00 (then $13,736.80) from his disbursing agent account to his trustee account. At the present time the Trustee (successor to A. J. Bumb, now deceased) holds as a balance on hand the sum of $11,669.40, which sum is claimed to be funds of the estate.

The Trustee contends that a deposit under § 337(2) of the Bankruptcy Act which has not been disbursed under a plan of arrangement in Chapter XI proceedings prior to an adjudication of bankruptcy (Title 11 U.S.C. § 777) can be used to pay general creditors and costs of administration in the bankruptcy proceedings.

The Government on the other hand contends that said sum is a trust fund from which its federal tax claim must be paid before any money can be used to pay general creditors or costs of administration.

In a Chapter XI proceeding unsecured creditors release all of their claims against the debtor or the debtor's estate and look to the deposit for payment of their claims. In this case now on review the Order of Confirmation provides, in part, as follows:

" * * * that all general unsecured creditors of, or claimants against the debtor are hereby restrained and enjoined from pursuing or attempting to pursue or from commencing any suit or proceeding at law or from acting, directly or indirectly, upon any right, claim, or interest which any such creditor or claimant may have against the debtor at the time this order becomes final, * * *."

The Referee under whom these proceedings were initiated has now retired. A. J. Bumb, the disbursing agent and, subsequently, trustee in bankruptcy is now deceased.

The present Trustee, successor to A. J. Bumb, relies upon Collier on Bankruptcy, Par. 10.13, page 531 (14th Edition, 1969) which relies in turn on In re Portage Wholesale Co., 7 Cir., 187 F.2d 387. However, in that case the Court said, at page 389:

"As already noted, the arrangement proposal was agreed to by the creditors and confirmed by the court. * * * under the plain language the deposit, upon confirmation of the arrangement, *at once became available* * for the payment of priority debts and

* *Emphasis supplied.*

for the costs and expenses of the proceeding, and that it could and perhaps should have been at that time so expended. The language of the statute indicates that such was the precise purpose for which the deposit was required and made, and this irrespective of whether the debtor defaulted "in the payment of the balance of the money which it had agreed to pay."

In the cause now before this court it appears that on December 2, 1964 the aforesaid sum of $14,000.00 was paid to the disbursing agent. On January 21, 1965 the Referee made his Order of Confirmation of the First Amended Plan of Arrangement. Although it was the duty of A. J. Bumb to disburse the funds to the creditors as set forth in the plan of arrangement he, nevertheless, did not make said disbursements.

On November 4, 1965, ten months after having deposited with A. J. Bumb the $14,000.00, Debtor was adjudicated bankrupt. On that date A. J. Bumb became Trustee in bankruptcy and on the same day transferred the sum on hand from his disbursing agent account to his trustee account. The disbursing agent thus held the funds for ten months and eight days and could, at any time during that period, have disbursed the funds to creditors entitled thereto.

■ It would seem inequitable and unjust to jeopardize creditors' rights because of procrastination or negligence of a disbursing agent. It is the duty of a disbursing agent to expend the funds at once, or at least within a reasonable time, after an order confirming a plan of arrangement. It appears inexcusable for a disbursing agent to hold funds for more than ten months without making disposition thereof.

We hold that the funds in question could be used for only one purpose; that is, payment to creditors who agreed to the plan of arrangement and costs of administration of the plan.

■ At the time of the adjudication in bankruptcy the disbursing agent had on hand the sum of $13,736.80 which should theretofore have been disbursed in accordance with Section 337 of Chapter XI of the Bankruptcy Act of July 31, 1962 (11 U.S.C. § 737). From the record it appears that the sum was used for purposes other than for such disbursements—a procedure which seems to the court to be unjustifiable; and the court is of the further opinion that the sum of $13,736.80 should now be disbursed in accordance with such section.

■ The United States of America filed its application for an order to show cause why the Trustee should not turn over from funds in his possession money sufficient to pay the Government's tax claim. The Referee granted the turnover order, and the Trustee sought review of the Referee's Order. We affirm the Referee.

It is ordered that this cause is returned to the Referee with instructions that the Trustee be required to distribute the sum of $13,736.80 (the amount transferred from the account of Disbursing Agent Bumb to the account of Trustee Bumb) pursuant to this memorandum, as follows:

1. The tax claim above affirmed,

2. Costs and expenses of distribution,

3. Debts which have priority,

4. Balance, if any, to creditors who agreed to the plan of arrangement.