TEXAS CONSUMER FINANCE CORPO-RATION, Debtor-in-Possession, and Theodore Mack, Designee of the Creditors' Committee of Texas Consumer Finance Corporation, Debtor-in-Possession, Plaintiffs,

v.

FIRST NATIONAL CITY BANK, Defendant.

No. 72 Civ. 3475.

United States District Court, S. D. New York.

Oct. 11, 1973.

Alex L. Rosen, New York City, for plaintiffs.

Shearman & Sterling, New York City, for defendant.

GURFEIN, District Judge:

This is a motion pursuant to Fed.R. Civ.P. 12(c) for judgment on the pleadings dismissing the complaint on the ground that the plaintiffs may not maintain this action as a matter of law. The plaintiffs are Texas Consumer Finance Corporation (TCFC), the debtor in a Chapter XI arrangement proceeding in the Northern District of Texas, and Theodore Mack (Mack), the "Designee" of the Creditors' Committee, which was elected and qualified in the Chapter XI arrangement proceeding. The defendant is the First National City Bank of New York ("City Bank").

The action was brought by the plaintiffs to recover certain preferential payments allegedly made to the

defendant.[1] On this motion to dismiss we must accept the allegations of the complaint as true. Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 172, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967).

The petition for an arrangement was filed on August 17, 1970. Thereafter, by order of the Bankruptcy Court, TCFC was authorized to act as debtor-in-possession, to take possession of its assets and to operate its business subject to the order of the Court. On December 28, 1970, a plan of arrangement was confirmed by the Honorable John C. Ford, Referee in Bankruptcy in Fort Worth, Texas. The plan of arrangement provided, *inter alia,* that "TCFC shall assign to the designee of the Creditors' Committee all causes of action which TCFC may have for preferences or fraudulent transfers or conveyances under Sections 60, 67 and 70 of the Bankruptcy Act. In the event of any recovery by said designee, the first $1,000,000.00 shall be paid to the senior debtholders [certain unsecured creditors] as defined herein. The balance, *if* any, of such recovery shall be distributed pro-rata to the creditors. . . . " In the "Order Confirming Plan of Arrangement," Referee Ford provided that TCFC shall continue as debtor-in-possession subject to the Court's orders. The plan of arrangement also provided that the Court would continue to retain jurisdiction for all purposes until the arrangement was fully consummated, although the Order did not so provide.[2]

Subsequent to the confirmation of December 28, 1970 and in pursuance of the plan of arrangement, on April 6, 1971, TCFC "assigned and transferred to . . . Mack . . . all 'causes of action which [TCFC] has or may have . . . for preferences or fraudulent transfers or conveyances' . . . . " On September 24, 1971, a Texas law firm was appointed to serve as attorneys for the aforementioned Creditors' Committee of which Mack was "Designee."

On August 9, 1972 the Texas firm applied to Referee Ford for leave to bring an action in New York State to sue the defendant City Bank and several other parties to recover preferences. The alleged preference sought to be recovered from City Bank amounts to $750,000.00.

Referee Ford also signed an order on August 9, 1972, authorizing the suit on behalf of Mack as "Designee of the Creditors' Committee" and TCFC as "Debtor in Possession" by local counsel in New York. The action to recover the preference was commenced in this Court on August 15, 1972.[3]

The defendant bases its motion for judgment on the pleadings upon two grounds: 1) that the alleged claim for relief is not assignable and 2) that the claim for relief did not survive the confirmation of the plan of arrangement.

I .

Section 60(b) of the Bankruptcy Act, 11 U.S.C. § 96(b), provides that preferences "may be avoided by the trustee." In a Chapter XI arrangement proceeding, where no trustee is appointed, the debtor-in-possession has all the title, and exercises all the powers of a trustee. He may sue to avoid a preference. 8 Collier, supra, ¶ 6.32 [7.3] at 980–81. Cf. In re Martin Custom Made Tires Corp., 108 F.2d 172 (2 Cir. 1939).

---

1. The defendants in two separate actions brought by the plaintiff (TCFC v. Nat'l Bank of North America, 72 Civ. 3473, and TCFC v. Royal Bank of Canada, 72 Civ. 3474) have agreed by stipulation to be bound by the result and decision of this motion.

2. The retention of jurisdiction in the Plan controls. 9 Collier, on Bankruptcy, ¶ 8.12 at 183–86, and ¶ 9.29 at 368–72 (1971) ; and

see In re Patton Mfg. Co., 413 F.2d 1258 (6 Cir. 1969).

3. The action is brought in New York since the defendant did not file a claim in bankruptcy and the property to be recovered is not within the jurisdiction of the bankruptcy court. A plenary action is, accordingly, the remedy. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 433–434, 44 S.Ct. 396, 68 L.Ed. 770 (1924).

But he may not assign his claim. Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 175 F. 335 (6 Cir. 1909); United States v. General Resources, Ltd., 204 F.Supp. 872 (D.Colo.1962); Klein v. Leader Electric Corp., 81 F.Supp. 624 (N.D.Ill.1948); In re Winkelman, 41 F. Supp. 520 (D.Or.), aff'd, 123 F.2d 78 (9 Cir. 1941); 3 Collier, supra, ¶ 60.57 [2] at 1093. The purported "assignment," contained in the plan of arrangement to Mack of "all causes of action which TCFC may have for preferences . . ." is invalid. It cannot vest Mack as an assignee with the right to bring this suit to avoid the preferences.

■ Nor can Mack, by virtue of his appointment as "disbursing agent to distribute, subject to the control of the court, the consideration, if any, to be deposited by the debtor . . ." Bankruptcy Act § 337(1), 11 U.S.C. § 737(1), expand his duties to those of a trustee.

■ The duties of a "distributing agent" under § 337(1) are simply "to distribute, subject to the control of the court, the consideration, if any, to be deposited by the debtor." 8 Collier, supra, ¶ 5.27 [7] at 670. His authority may not be extended beyond the express words of the statute. See In re Tamasha Town and Country Club, 320 F. Supp. 571 (C.D.Cal.1970). He has no statutory authority to sue for the recovery of a preference in his capacity as disbursing agent. And he has no competence except over funds "deposited by the debtor." § 337(1) of the Act, 11 U. S.C. § 737(1).

■■ The ingenious counsel for the plaintiffs contends, however, that the "deposit by the debtor" included a deposit of its right to sue for a preference. I see nothing in the statutory scheme that would include intangible claims for relief against third parties to be considered "deposits," nor has any authority been cited in support. Nor can a "disbursing agent" qualify as a "receiver" whose function, in any event, would be "to preserve the debtor's property rather than act as the representative of his creditors." See Bartle v. Markson, 340 F.2d 30, 33 (2 Cir. 1965).

■ Since the assignment of the disbursing agent of the claims to void preferences was invalid, the claim to recover the alleged preference remained in the debtor-in-possession.

In the case at bar, the plan of arrangement was confirmed by the Referee on December 28, 1970. The order of confirmation did not specifically provide for retention of jurisdiction by the Bankruptcy Court, but the Plan of Arrangement did provide for retention of jurisdiction. It was, nevertheless, also provided that "upon *confirmation* of this Plan by the Court, the Debtor shall be released and discharged of all its unsecured debts." (Emphasis supplied)

■ The defendant contends that after confirmation of a Chapter XI plan of arrangement the jurisdiction which the Bankruptcy Court may retain is "severely limited" and does not include the right to allow an action to avoid a preference. In support of this contention, the defendant quotes from Collier On Bankruptcy to the effect that, after confirmation, the court is automatically vested with jurisdiction over certain phases of the post-confirmation process, particularly the allowance or disallowance of claims, § 369; distribution of the proceeds of successful claimants, §§ 367(2) and (3) and 370; the entering of a final decree, § 372; the setting aside of a confirmed arrangement for fraud, § 386; and the issuance of certificates of indebtedness, § 344. Under Section 377, the court also may take certain action against a debtor who has defaulted, provided that the court has retained jurisdiction. 9 Collier, supra, ¶ 9.29 [3] at 373. The defendant suggests that since the recovery of a preference is not one of those acts over which the bankruptcy court is given specific jurisdiction, this action cannot be maintained. It may be argued, further, that since, upon confirmation, title to the estate revests in the debtor, § 70i, 11 U.S. C. § 110(i), he should no longer be con-

sidered a debtor-in-possession exercising powers, as such, under the Bankruptcy Act.

TCFC was a debtor in possession *after* confirmation of the plan, for the order of Referee Ford provided "that the Debtor shall continue in possession and continue operation of the business in accordance with the orders heretofore entered by this Court." Bankruptcy Act § 357(5), 11 U.S.C. § 757(5). 9 Collier, supra, ¶ 8.10 at 177–79.

Retention of jurisdiction was provided for in the Plan "[p]ursuant to the provisions of Sections 368, 369 and 370 of the Bankruptcy Act, . . . for all purposes until the arrangement has been fully consummated, . . . [including] . . . the determination of all questions regarding the assets of the estate and ownership thereof, and the determination of all causes of action, controversies, disputes, or conflicts between this estate and any other party."

Section 368 (11 U.S.C. § 768) simply provides that "[t]he court shall retain jurisdiction, if so provided in the arrangement." And Section 357(7) provides that an arrangement may include "provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed."

After the confirmation of the plan we, therefore, have a debtor-in-possession, with the powers of a trustee to avoid preferences, and a specific retention of jurisdiction to prosecute actions for the recovery of preferences. The Bankruptcy Court in Texas authorized the appointment of counsel to prosecute these matters in the Southern District of New York, pursuant to this retention of jurisdiction.

Countervailing this simple argument in favor of jurisdiction are other provisions of the Bankruptcy Act and case law. The bank contends that the effect of confirmation is that "except as otherwise provided in sections 769 and 770 of this title [Bankruptcy Act §§ 369 and 370],[4] the case shall be dismissed." Bankruptcy Act § 467 (11 U.S.C. § 767). It is suggested that, except for the provisions in Sections 769 and 770, the case is over, and that, even if jurisdiction is retained, the retention may be only for limited purposes, and the court does not continue to have all the jurisdiction it formerly possessed. 9 Collier, supra, ¶ 9.29 [2] at 368, Bankruptcy Act § 367(4). The argument may be fortified by the provision of Section 70(i) that "[u]pon the confirmation of an arrangement or plan . . . the title to the property dealt with shall revest in the bankrupt or debtor," implying that, after confirmation, the debtor's status changes.

As to the latter point, the provision for reversion of title makes no apparent sense except where title had once been taken out of the debtor as in an earlier adjudication. See In re Burke, 76 F. Supp. 5 (S.D.Cal.1948) ; In re Kalnitzky Bros. & Oppenheim, 285 F. 649, aff'd, 285 F. 652 (C.C.A.2 1922). That was not true here. There was no prior adjudication here.

I have been cited to no authority that requires the literal application of the language of Section 368, as applied to the provision in the plan for the recovery of preferences, § 357(7), to be disregarded. The action to recover preferences was an essential part of the plan itself, and there is no reason why it should not survive the confirmation, particularly since the distribution of the

---

4. Section 769 reads: "§ 769. *Same; until final allowance or disallowance of debts* The court shall in any event retain jurisdiction until the final allowance or disallowance of all claims affected by the arrangement which have been filed within the limitations as to time and amount prescribed by section 755a of this title but have not been allowed or disallowed prior to confirmation."

Section 770 reads: "§ 770. *Allowance of debts; distribution of deposited consideration* Upon the allowance of any debts specified in paragraphs (1), (2), and (3) of section 769 of this title, the consideration, if any, deposited for them shall be distributed and the rights provided by the arrangement shall inure to the creditors to whom such debts are owing."

proceeds of any recovery are included within the plan as well.

The case cited by the defendant where the court, after confirmation, refused to retain jurisdiction, involved an attempt to retain judicial control over the conduct of the debtor's business affairs. See Seedman v. Friedman, 132 F.2d 290, 295 (2 Cir. 1942). There the Court did limit its jurisdiction to "watchful waiting," as the defendant suggests, but that was because the debtor, after confirmation, was free to conduct his business, subject to consummation of the plan. Judge Bryan so interpreted *Seedman*, supra, in In re Pathe News, Inc., 276 F. Supp. 670, 672 (S.D.N.Y.1967).

This case is different, too, from one where an executory contract is disaffirmed after confirmation of the plan. There the disaffirmance is a single, dispositive act that can be started and finished before confirmation. See In re Grayson-Robinson Stores, Inc., 227 F. Supp. 609 (S.D.N.Y.1964). Where the matter involved is a plenary action to recover a preferential payment, on the other hand, confirmation of an arrangement cannot wait the termination of the action, which may be years away. If the debtor in possession has the powers of a trustee and if jurisdiction is specifically retained in the plan, the order of confirmation should not be the occasion for a windfall to the preferential transferee. Since, as we have seen, the literal language supports jurisdiction, there is no reason of equity for narrowing it.

Even if the provisions of Chapter XI are more contradictory than I have taken them to be, we have been instructed that in the case of ambiguity, Chapter XI requires a search for equity. In re Miracle Mart, Inc., 396 F.2d 62 (2 Cir. 1968).

The defendant argues, however, that if it should lose this plenary action and be required to restore the alleged preferential payment, it would be remitted to the status of an unsecured creditor, § 57(g) of the Act, 11 U.S.C. § 93(g); see, *e. g.*, In re Onondaga Litholite Co., 218 F.2d 671 (2 Cir. 1955), with no right to file its claim, because the time for filing will have long since passed, § 355(a) of the Act, 11 U.S.C. § 755(a).

 The argument is not without merit, but a court of equity has the power to avoid such a result. Pepper v. Litton, 308 U.S. 295, 304–305, 60 S.Ct. 238, 84 L.Ed. 281 (1939). In a straight bankruptcy case, it has been held that the transferee who has been required to restore a preference, may file his claim as an unsecured creditor, though the statutory time for filing had passed. Larson v. First State Bank of Vienna, 21 F.2d 936 (CCA 8, 1927). While it would not be practical to allow a late filing in an arrangement, where the payments to creditors are already fixed and in the process of distribution, the judgment, if in favor of the plaintiff, could be reduced appropriately to allow for the defendant's claim as an unsecured creditor. See Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332 (1909). An amount could be reserved, subject to adjustment if the estate is increased by the recovery of preferential transfers from others; or all preferences recovered could be held in a segregated fund pending ultimate determination of the aggregate to be distributed under the Plan and determination of the proportionate share of the new unsecured creditors. Although the action to recover a preference is essentially an action at law (Schoenthal v. Irving Transit Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); Duda v. Sterling Mfg. Co., 178 F.2d 428 (8 Cir. 1949)), equity may shape the judgment to the needs of equity if the remedy at law is not adequate, while affording a jury trial. Cf. 3 Collier, supra, ¶ 60.60[1.2] at 1106–09; 2 Collier, supra ¶ 23.15[5] at 616–20.

The motion to dismiss is denied.