Hillsborough
No. 7236

THEODORE MACK & a.

v.

INDIAN HEAD NATIONAL BANK OF NASHUA

February 27, 1976

*Hamblett, Kerrigan, LaTourette & Lopez* and *Linda Stewart Dalianis* *(Mr. John P. Griffith* orally) for the plaintiffs.

*Sullivan, Gregg & Horton* and *Judd A. Gregg (Mr. Gregg* orally) for the defendant.

KENISON, C.J. The plaintiffs are Texas Consumer Finance Corporation, the debtor in a proceeding under Chapter XI of the Bankruptcy Act, and Theodore Mack, the "designee" of the creditors' committee which was elected and qualified in the Chapter XI proceeding. The defendant, the Indian Head National Bank of Nashua, lent $200,000 to the plaintiff Finance Corporation on a ninety-day note in April 1970. On July 15, 1970, the Finance Corporation repaid $100,000. On August 17, 1970, the Finance Corporation filed its petition for an arrangement under Chapter XI. 11 U.S.C.A. § 701 *et seq.* (1968).

The present case is an action under section 60 of the Bankruptcy

Act to recover a preference. 11 U.S.C.A. § 96 (1968). Under that section, a creditor "who dips his hand in a pot which he knows will not go round" *(Kennard v. Behrer,* 270 F. 661, 664 (S.D.N.Y. 1920) (Learned Hand, J.)), may be required to return what he has received so that it may be shared by all creditors in accordance with the arrangement. In the present case, the plaintiffs claim that the July 1970 payment of $100,000 should be returned to the bankrupt's estate and divided pro rata among the creditors. On the defendant's motion, the Superior Court *(Loughlin,* J.) dismissed the plaintiffs' bill and reserved and transferred their exceptions.

The plan of arrangement provided that the Finance Corporation would assign to the designee of the creditors' committee all causes of actions it might have for the recovery of preferences. It further provided that the bankruptcy court would retain jurisdiction for all purposes until the arrangement has been fully consummated. The plan was confirmed on December 29, 1970, and the present action was instituted in August 1972.

The defendant asserts that the Finance Corporation could not legally assign the present claim to the plaintiff Mack, the designee of the creditors' committee. This point is well taken. *Texas Consumer Fin. Corp. v. First Nat'l City Bank,* 365 F. Supp. 427 (S.D.N.Y. 1973); *Mack v. Bank of Lansing,* 396 F. Supp. 935 (W.D. Mich. 1975).

It is clear, however, that the plaintiff Finance Corporation as a debtor-in-possession could have brought the present action prior to confirmation of the plan. 11 U.S.C.A. §§ 742 (1970) and 96 (1968); 8 Collier, Bankruptcy § 6.32 (1974). The defendant argues that the Finance Corporation cannot bring this action now that the plan has been confirmed because the Finance Corporation ceased to be a debtor-in-possession at confirmation and because the bankruptcy court may not retain jurisdiction after confirmation to allow the action. Such retention of jurisdiction, the defendant argues, would be inconsistent with the rehabilitative purpose of Chapter XI. *See* 9 Collier, Bankruptcy § 9.29 (1975). But this case does not involve an attempt to retain judicial control over the conduct of the Finance Corporation's business affairs after confirmation. To delay confirmation until all preferences had been recovered might produce the unnecessarily prolonged control to which the defendant objects. The plan, the order of the bankruptcy court, and the Bankruptcy Act provide for the continuation of the Finance Corporation as a debtor-in-possession and for the retention of jurisdiction. 11 U.S.C.A. §§ 757 (5), 757 (7), and 768 (1970). The defendant's contentions were raised and rejected in a similar pro-

ceeding involving the same facts as the present case. *Texas Consumer Fin. Corp. v. First Nat'l City Bank,* 365 F. Supp. 427 (S.D.N.Y. 1973); *accord,* Festersen, *Retained Jurisdiction in Chapter XI of the Bankruptcy Act: Why Not?,* 7 Creighton L. Rev. 492, 526-32 (1974). We find these authorities to be persuasive.

If the plaintiff Finance Corporation had not made the July 15th payment, the defendant could have filed a claim for $200,000. As it was, the defendant filed a claim for $100,000. The time for filing claims has now passed, so that if the July 15th payment is determined to be a preference, the defendant will lose that fraction of the payment to which it would have been entitled under the arrangement. The defendant argues that the present action should be barred as a matter of equity. This matter was considered in *Texas Consumer Finance Corporation v. First National City Bank,* 365 F. Supp. 427 (S.D.N.Y. 1973). That court suggested various equitable devices by which "the judgment, if in favor of the plaintiff, could be reduced appropriately to allow for the defendant's claim . . . ." 365 F. Supp. at 432. We think that such allowance should be made, but the determination of the appropriate means must rest in the trial court's discretion, which is to be exercised in light of the orders of the bankruptcy court and the outcome of similar litigation elsewhere.

*Plaintiffs' exceptions sustained in part and overruled in part; remanded.*

GRIFFITH, J., did not sit; the others concurred.