**Ira S. GREENE, as Trustee of Joseph Newman, Debtor, Plaintiff,**

v.

**Steven GLAZER, Defendant.**

**Ira S. GREENE, as Trustee of Joseph Newman, Debtor, Plaintiff,**

v.

**Antonio PIRES, Defendant.**

**Nos. 80 Civ. 5186–CSH, 80 Civ. 5187–CSH.**

United States District Court, S. D. New York.

April 23, 1981.

Solomon Abrahams, Hartsdale, N. Y., for defendant.

Ira Greene, pro se.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This is a consolidated appeal from two judgments of the United States Bankruptcy Court for the Southern District of New York, Schwartzberg, J., which determined

that payments by the debtor to defendants-appellants in the captioned adversary proceedings were preferential transfers voidable pursuant to 11 U.S.C. § 547 (1979) and accordingly adjudging both defendants liable pursuant to 11 U.S.C. § 550 (1979) to plaintiff-appellee for the amount of the subject transfer, together with interest. For the reasons stated, the judgments of the Bankruptcy Court are affirmed.

## I.

### BACKGROUND

On November 28, 1979, Chrysler Credit Corporation filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Act, 11 U.S.C. § 701 *et seq.* (1979), against Joseph Newman, as debtor, in the United States Bankruptcy Court for the Southern District of New York. The debtor filed an answer on December 18, 1979 and a hearing was held on the petition on January 2, 1980 before the Hon. Howard Schwartzberg, Bankruptcy Judge. The trustee, counsel for the petitioning creditor and for the debtor appeared. On that date, Judge Schwartzberg entered an Order for Relief under Chapter 7, a certified copy of which is part of the record on appeal. On January 22, 1980, Judge Schwartzberg entered a notice and order scheduling the initial meeting of creditors and fixing the time for filing objections to the debtor's discharge and complaints respecting the dischargeability of debts.

On June 4, 1980, the trustee commenced the captioned adversary proceedings pursuant to 11 U.S.C. § 547 (1979) alleging that the debtor had made preferential payments to defendants in respect to antecedent debts. Specifically, the trustee alleged that the debtor had made a payment of $3,000 to defendant-appellant Steven Glazer on or after September 17, 1979, and a payment of $11,500 to defendant-appellant Antonio Pires on or after September 27, 1979, both payments allegedly having been made out of the bankrupt's estate within ninety days prior to November 28, 1979, the date on which the involuntary petition was filed. A summons and notice of trial in respect of each adversary proceeding issued on June 4, 1980 directing the respective defendant to serve a motion or answer to the complaint; in answers dated July 7, 1980, each defendant denied the material allegations of the complaint. After a trial on July 12, 1980, the Bankruptcy Court entered judgments dated July 15, 1980 in favor of the trustee in the full amounts demanded, plus interest.

On these appeals, consolidated by order of the undersigned dated October 27, 1980, appellants contend first that the involuntary petition was dismissed and/or withdrawn, with a voluntary petition to be substituted in its place, during the hearing before the Bankruptcy Court on January 2, 1980, making that date determinative for calculating the ninety day period during which transfers by the debtor are voidable pursuant to 11 U.S.C. § 547. Secondly, and in the alternative, appellants argue that the judgments are contrary to the weight of the evidence. These contentions are considered in turn.

## II.

### DISCUSSION

Section 547 of the Bankruptcy Act authorizes the trustee in bankruptcy to avoid certain transactions if specified conditions are met:

"Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

"(1) to or for the benefit of a creditor;

"(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

"(3) made while the debtor was insolvent:

"(4) made—

"(A) on or within 90 days before the date of the filing of the petition; . . . and

"(5) that enables such creditor to receive more than such creditor would receive if—

"(A) the case were a case under chapter 7 of this title;

"(B) the transfer had not been made; and

"(C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b) (1979).

### A.

Appellants contend that the debtor agreed before the Bankruptcy Court to withdraw his answer to the involuntary petition in order to file a voluntary petition in bankruptcy. Appellants also contend that the trustee voiced no objection to that procedure and made no further application for the relief sought in the involuntary petition. In consequence, appellants argue, the trustee acquiesced by his silence to the debtor's proposal and therefore:

"... a stipulation was entered into on the record with the consent of the parties; to wit, That the debtor withdraw his answer, that the involuntary petition be dismissed and/or withdrawn, that the debtor proceed with a voluntary petition within a reasonable time, and that in the event the debtor did not proceed reasonably, the trustee could move to reinstate the involuntary petition as of the date of its filing and have a trial on the issues raised in the involuntary petition." Brief for Appellant at 6–7.

In consequence of this, it is said, November 28, 1979 loses its Section 547 significance.

Appellants purport to find support for this novel proposition in the text of Rule 120(a) which provides as follows:

"A case shall not be dismissed on application or motion of the petitioner or petitioners or for want of prosecution or by consent of the parties until after hearing on notice to the creditors as provided in Rule 203(a). To enable the court to give such notice, the bankrupt, if he has not already done so, shall file a list of all his creditors with their addresses within the time fixed by the court. If the bankrupt fails to file such list, the court may by order provide for the preparation and filing of the list in such manner as may be appropriate." R.Br.P. 120(a) (1977).

"This Rule," appellants contend, "clearly states that a case can be dismissed by the consent of the parties but does not state the stipulation must be in writng..." Brief for Appellant at 8. Additionally, appellants suggest that no hearing or notice to the creditors would have been resuired since "it can be deemed that Chrysler consented to the stipulation as hereinbefore described," especially since Chrysler's debt is more than twice the amount of the other debts combined. *Id.* at 9. In conclusion, appellants argue that "[t]he evidenciary [sic] facts clearly show that the involuntary petition, by the consent of the parties, was dismissed and/or withdrawn as of January 2, 1980 and, therefore, there was no pending involuntary petition before the Court at the time the Court granted the judgments on July 11, 1980. Therefore, the ninety-day period should have been computed from January 2, 1980 and not November 24, 1979" [sic]. *Id.* at 9.

There is no substance to the appellants' proposition that the involuntary petition was dismissed or withdrawn during the course of the January 2, 1980 hearing before the Bankruptcy Court; indeed, notwithstanding appellants' unsubstantiated version of the events, the trustee asserts and the record reflects that the debtor withdrew his answer to the involuntary petition and consented to the entry of an order granting the relief sought therein without any mention of a condition that the debtor be allowed to file a voluntary petition. Even if the purported "stipulation" was entertained by the parties, no order dismissing the involuntary petition was entered and no voluntary petition was ever filed in its stead. Moreover, all proceedings

subsequent to the January 2, 1980 hearing were conducted consistent with the pendency of an involuntary—and not voluntary—petition.

More particularly, Section 303 of the Bankruptcy Act provides in relevant part that:

"Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—

"(1) on the motion of a petitioner;

"(2) on consent of all petitioners and the debtors; or

"(3) for want of prosecution." 11 U.S.C. § 303(j).

As the authoritative commentators make clear, this provision supersedes Rule 120(a), upon which appellants rely in support of their view that the involuntary petition was dismissed by oral consent of the parties. Comment, *Bankruptcy Rules*, Part 2 (1979

Collier Pamphlet ed.). No notice or hearing under Section 303 was ever given or held by the court below.

Similarly, even if the parties could have effected their supposed agreement without such an order, no voluntary petition was ever filed. In this connection, Section 301 provides in relevant part that:

"A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301 (1973).

Further, Interim Bankruptcy Rule 1002(a) provides that:

"[a] debtor's petition commencing a voluntary case shall confirm substantially to Form No. 1."

The record of the trial below reflects that the debtor filed no such petition.[1]

At trial, appellants advanced the theory, pressed on appeal, that the debtor's filing of

---

1. The trial transcript, clearly reflects that no voluntary petition had been filed, despite appellants' counsel's attempt to establish otherwise through the testimony of the debtor:

"DIRECT–EXAMINATION BY MR. ABRAHAMS:

"Q. Mr. Newman, you are the Debtor in this case?

"A. Yes.

"Q. And, Mr. Newman, did there come a time when you were served with a petition for an involuntary bankruptcy?

"A. Yes.

"Q. And did there come a time when you appeared in court, relating to that particular petition?

"A. Yes.

"Q. And did there come a time, when appearing in the court at that time, you informed the Court, by counsel, that it was your intention to not contest the involuntary petition, and you filed a voluntary petition?

"A. Yes.

"Q. And did you at some time file the necessary papers relating to that voluntary petition?

"A. Yes.

"Q. And can you tell us when that voluntary petition and schedules were filed?

"A. (No audible response.)

"MR. ABRAHAMS: Your, Honor, will the Court take judicial notice that that was filed in January of 1980?

"MR. GREENE: I don't understand the question, Your Honor. Is he referring to schedules or the petition?

"THE COURT: The voluntary petition—

"MR. GREENE: I think that's incorrect. They're talking about the schedules, Your Honor.

"THE COURT: I can get the date; one moment.

"(The Court examines some documents.)

"THE COURT: The docket does not reflect the filing of any voluntary petition. What date did you file—

"MR. ABRAHAMS: I'm sorry, Your Honor. They're not—would the Court take judicial notice that—

"THE COURT: I can't take judicial notice of documents you didn't file.

"MR. ABRAHAMS: I'm asking you for something else; I'm withdrawing that.

"THE COURT: Oh, okay.

"MR. ABRAHAMS: I'm withdrawing that, and asking the Court to take judicial notice when the schedules were filed, pursuant to—

"THE COURT: The schedules were filed January; the records reflect that, but no voluntary petition was ever filed in this case.

"MR. ABRAHAMS: Sorry.

"THE COURT: The Court was misled; I'm sorry. Let's proceed."

Tr. 15–17. Similarly, after the court found that the trustee had sustained his burden of proof with respect to the Glazer proceeding, the following colloquy transpired:

"MR. ABRAHAMS: As I understand the statute—and this is the basis upon which we are here today—the statute refers to any transfer that was made within ninety days,

asset and liability schedules and other statements of his financial affairs demonstrated that the debtor was proceeding as a voluntary petitioner. The trial court correctly rejected this proposition.[2] Section 521 requires the debtor to "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, and a statement of the debtor's financial affairs," 11 U.S.C. § 521(1). Bankruptcy Rule 108 provides that "the schedules and statement shall be filed with the petition by a voluntary bankrupt and within 10 days after *adjudication* by an involuntary bankrupt" (emphasis added). In this connection, adjudication is defined in the interim rules as "order for relief." Interim Rule 1001(a)(2) (1981).

Here, the required schedule, not accompanied by a voluntary petition, was filed on January 8, 1980, clearly in response to the Order for Relief previously entered on January 2, 1980. If the parties and court below had been operating under the assumption that the proceedings were to be governed by a voluntary petition, the entry of that order granting the relief sought in the involuntary petition would have been an empty exercise, since the mere filing of a voluntary petition accomplishes the same result:

> "The commencement of a voluntary case under a chapter of this title constitutes an order for relief." 11 U.S.C. § 301.

Although appellants belatedly claim on appeal that they never received copies of the Bankruptcy Court's order for relief, obviously it was on the basis of that order that the debtor, represented by the same counsel as appears for appellants in these adversary proceedings, made the required filings. Further, the order and notice of the initial meeting of creditors entered on January 22, 1980 expressly recited that it was predicated on the prior order for relief.[3]

---

prior to the filing of the petition. Now, the question now arises, in researching this particular question, comes down to this—

"THE COURT: It comes down to the fact that you never filed a voluntary petition, as you told the Court.

"MR. ABRAHAMS: Your Honor—

"THE COURT: The Court was misled.

"MR. ABRAHAMS: Your Honor, what occurred was we consented—

"THE COURT: You consented to an adjudication, in effect. An order for relief was entered.

"MR. ABRAHAMS: We consented to a voluntary—

"THE COURT: There was nothing voluntary here.

"MR. ABRAHAMS: I think if we can go back to that date, and look at the record—

"THE COURT: You voluntarily did not contest the involuntary petition.

"MR. GREENE: Your Honor, I think all of this is irrelevant, because the law is clear that the date of the commencement of a petition is the filing of the first petition, the involuntary.

"THE COURT: Yes.

"MR. GREENE: That is the date." Tr. 18–19.

2. The following colloquy occurred in the course of the Pires proceeding when appellants' counsel again attempted to establish that the parties were operating under a voluntary petition:

"Q. Mr. Newman, have you then proceeded, pursuant to a voluntary proceeding under Chapter VII?

"THE COURT: Well, it's an incorrect question. Counsel hasn't objected, but it's a response—schedules were filed in an involuntary proceeding, where consent to an order for relief voluntarily given. That is the nature of the case.

"MR. ABRAHAMS: Well—

"THE COURT: No voluntary petition was ever filed in this case.

"MR. ABRAHAMS: Well, I think that's the basis—that's where the confusion comes, because the record of that first hearing, that was not made, because it was publicly stated how we would proceed and then—

"THE COURT: But you didn't file a voluntary petition. What was filed here were schedules to an involuntary petition, to which an order for relief was consented to. The opposition was withdrawn, so as to proceed in the Chapter VII for relief, as ordered by the Court." Tr. 27–28.

Although the record of the January 2, 1980 proceeding was not preserved since no transcript was ordered within sixty days, Tr. 23, the existing record furnishes ample basis for sustaining the bankruptcy judge's rulings.

3. Counsel for appellants concedes that he received the notice and scheduling order, but states that "[t]he debtor was notified prior to the receipt of the notice for the examination scheduled for February 7, 1980 and, therefore

Moreover, there is no suggestion in the record that the debtor or appellants protested the conduct of subsequent proceedings, during which the debtor made supplementary filings, and several creditors meetings and discharge hearings were held, until the trial of the adversary proceedings, in which the appellants raised this defense. Nevertheless, as indicated, despite appellants' contention that the bankruptcy judge never considered their position respecting the purported stipulation entered into before him on January 2, 1980, the record is clear that appellants' position was considered and rejected on the merits, the judge finding no indication that the involuntary proceeding had been terminated or a voluntary petition filed. There is ample support for that view and accordingly I reject appellants' attack on this score.

### B.

█ The second assignment of error, cast in terms which question the sufficiency of the evidence to support the Bankruptcy Court's findings, are nothing more than a recapitulation of appellants' assertions respecting the operative petition which I reject for the identical reasons stated hereinabove. Moreover, even viewing appellants' challenge as addressing the sufficiency point, there is no support for suggesting that court's findings of fact are clearly erroneous.

As noted, the order for relief entered on January 2, 1980 constitutes an adjudication and thereby furnishes the prerequisite to the subsequent institution of adversary proceedings which the appellants argue is lacking. *See generally, In re Winkelman*, 41

F.Supp. 520 (D.Oregon), *aff'd*, 123 F.2d 78 (9th Cir. 1941).

At trial, the evidence consisted of the uncontroverted filing of the involuntary petition on November 28, 1979 and, due to appellants' failure to respond to the trustee's requests for admissions served upon them on June 20, 1980, their admission of the material allegations of the complaints. More particularly, the court deemed appellant Glazer to have admitted that sometime between September 1, 1979 and November 28, 1979, the debtor paid Glazer the sum of $3,000 on account of a debt incurred prior to July 1, 1979 by the debtor and owed to Glazer. Similarly, the court deemed appellant Pires to have admitted that between September 1, 1979 and November 28, 1979 the debtor paid the sum of $11,500 to Pires on account of a debt incurred by the debtor prior to July 1, 1979 and owed to Pires.

Appellants offered virtually the identical evidence in defense, consisting of the aforedescribed testimony of the debtor that the debtor believed he had been proceeding under a voluntary petition, a proposition which the court found unsupportable on the record before him.

Taking appellants' admissions, which also gave rise to a presumption of insolvency given that the transfers occurred within ninety days preceding the date of the filing of the petition, 11 U.S.C. § 547(f),[4] the court found that the trustee had sustained his burden of proving the elements set forth in Section 547(b) and judgments were entered accordingly. The bankruptcy judge's findings are not clearly erroneous.

I have considered appellants' remaining arguments and find them to be without

---

the debtor's attorney did not read the notice and assumed said notice was sent pursuant to the voluntary petition." Appellants' Reply Brief at 3. Thus, having conceded that he was in actual possession of the court's order granting the relief sought in the involuntary petition, counsel's unjustified indulgence in his own assumptions and his consequent determination not to read an order of the court furnishes no basis for relief at this stage in the proceedings; to the extent that counsel feels a compelling showing is presented by these circumstances

sufficient to warrant relief, his application should have been addressed in the first instance to the Bankruptcy Court. *See* R.Br.P. 924 and F.R.Civ.P. 60(b).

4. Section 547(f) provides:
   "For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."
   11 U.S.C. § 547(f) (1979).

merit. Accordingly, for the reasons stated the judgments of the Bankruptcy Court entered July 15, 1980 are affirmed.

It is So Ordered.