In the Matter of **ARNCO AUTO SUPPLY CO., Inc., Debtor.**

No. 68–1443.

United States District Court
D. Massachusetts.

Dec. 3, 1969.

Sidney J. Kagan, Boston, Mass., for debtor.

William A. Doherty, Boston, Mass., for petitioner.

ACTION OF COURT AFFIRMING DECISION OF REFEREE

JULIAN, District Judge.

This case is before the Court on the petition of Original Sound Sales Corporation for review of the order of Paul W. Glennon, Referee in Bankruptcy, in the matter of Arnco Auto Supply Co., Inc.

The facts, which are undisputed, may be briefly stated. On November 26, 1968, Arnco Auto Supply Co., Inc., filed a plan proposing an arrangement with its unsecured creditors under the provisions of Chapter XI of the Bankruptcy Act. The plan listed Original Sound Sales Corporation as a creditor in the amount of $7,381.76. On December 11, 1968, notice was sent to all creditors, including Original Sound Sales Corporation, advising that the hearing on the Application for Confirmation of the Arrangement would be held on January 3, 1969. After a hearing on January 3, 1969, an order was entered confirming the arrangement and on January 15, 1969, notice of confirmation was sent to all creditors, including Original Sound Sales Corporation, who had not filed their proofs of claim before confirmation. On March 17, 1969, Original Sound Sales Corporation filed its proof of claim in the amount of $7,381.76.[1] On April 22, 1969, the Referee disallowed the claim as being filed "too late."

The issue before the Court involves the construction of section 355 of the Bankruptcy Act (11 U.S.C. § 755a (Supp. 1969)) which, in pertinent part, reads as follows:

"Creditors, including the United States, any State, and any subdivision

1. The proof of claim was dated March 3, 1969.

thereof, shall file their proofs of claim before confirmation except as follows:

(1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; * * *."

The Referee took the position that the claim was filed late because notice of confirmation of the arrangement was sent to all creditors on January 15, 1969, thirty days expired on February 14, 1969, and Original Sound Sales' proof of claim was not filed until March 17, 1969. The Referee further concluded that the time limitation was "mandatory" and that he had "no discretion" to allow proof of claim filed late.

Petitioner, Original Sound Sales Corporation, contends that the Referee had discretion to allow the claim. That contention simply cannot be supported. In the first place, the language of section 755a (Bankruptcy Act § 355) gives no hint whatsoever that the Referee is to have the asserted power. Rather, the language suggests a statute of limitations. In the second place, a review of the Referee's powers and duties under the Bankruptcy Act does not disclose that the Referee is empowered to override a statutory time limitation such as the one in section 755a (Bankruptcy Act § 355). See especially 11 U.S.C. § 67 (Bankruptcy Act § 39). Finally, even assuming that the Referee had such broad discretionary powers, petitioner has furnished no substantial reason for the invocation of equitable jurisdiction to toll the statute.

Legislative history offers support for the position that this section is to operate as a statute of limitations barring those claims not filed within the specified period. In 1963 Congress passed the original version of section 755a (new section 355 of the Bankruptcy Act), requiring claims to be filed and to limit the time within which claims may be filed to six months. Pub.L. 88–175,

§ 2; 77 Stat. 330; 1963 U.S.Code Cong. & Adm.News, p. 358. Senate Report No. 605 and other legislative history demonstrate that section 755a (Bankruptcy Act § 355) imposed a statutory time limitation for filing claims in Chapter XI proceedings. 1963 U.S.Code Cong. & Adm.News, pp. 1102–1105. In 1967 Congress amended section 755a (Bankruptcy Act § 355) to require that claims be filed before confirmation rather than within six months of confirmation. Pub. L. 90–156, § 2; 81 Stat. 510. There are two exceptions to this requirement: (1) if a claim is scheduled it may be filed within thirty days after the date of mailing notice of confirmation to creditors; and (2) a claim arising from the rejection of an executory contract may be filed within such time as the court may direct. The legislative history indicates unmistakably that the 1967 Amendment did not change the nature of section 755a (Bankruptcy Act § 355) as a statute of limitations. 1967 U.S.Code Cong. & Adm.News, pp. 1997, 1999.

No cases have been decided under the 1967 Amendment to section 755a (Bankruptcy Act § 355). However, the only case which research disclosed that has been decided under the 1963 version of section 755a (Bankruptcy Act § 355) concurs with the view that the section is to operate as a statute of limitations. L. O. Koven & Brother, Inc. v. Local Union No. 5767, United Steelworkers of America, AFL–CIO, 250 F.Supp. 810, 816 (D.N.J. 1966). In addition, several cases decided under section 755—the earlier version of section 755a—also construe the section as a statute of limitations. W. F. Sebel Co. v. Hessee, 214 F.2d 459 (10th Cir., 1954); In re Supernit, Inc., 186 F.2d 130 (3d Cir., 1950); In re Credit Service, 45 F.Supp. 890 (D.Md. 1942). It is significant that research did not reveal, nor did the parties suggest, any case which runs counter to these cases.

On the basis of a review of the papers in the case, applicable statutory provisions, available legislative history, cases which have construed sections 755 and 755a, and the powers of a Referee

**330**

in Bankruptcy, it appears that the Referee had ample support for his action.

The decision of the Referee is affirmed.

### AMENDMENT TO ACTION OF COURT AFFIRMING DECISION OF REFEREE

This Court's Action Affirming Decision of Referee is hereby amended by inserting "schedule" in place of "plan" on page 1, line 7. That sentence should now read as follows: "The schedule listed Original Sound Sales Corporation as a creditor in the amount of $7,381.76."