In the Matter of MAX GREENBLATT, INC., Debtor.

No. 70–B–133.

United States District Court, S. D. New York.

Aug. 31, 1971.

Levin & Weintraub, New York City, for debtor; H. Stephen Edelman, Myron Trepper, New York City, of counsel.

Raphael Persky, New York City, for petitioners.

## OPINION

COOPER, District Judge.

Petitioner, Simcha Felsenberg and SIF Gems, Inc., pursuant to Section 39, sub. c of the Bankruptcy Act, seek review of the April 26, 1971 order of Referee Herzog reducing their claims as against the debtor, Max Greenblatt Inc., respectively to $100.

Greenblatt, on April 16, 1970, filed a petition for arrangement pursuant to Chapter XI of the Bankruptcy Act. Both petitioners were duly notified of the first meeting of creditors and were distinctly listed in the debtor's schedules as creditors in the sum of $100 each. On January 26, 1971, the Referee's order was entered confirming the debtor's arrangement; petitioners received due and proper notice thereof. Thereafter petitioners for the first time sought to assert claims totalling in excess of $40,000. Upon motion of the debtor, Referee Herzog in accordance with § 355 of the Bankruptcy Act reduced each claim to $100.

Section 355 (11 U.S.C. § 755) provides for the filing of proof of claims by creditors before the date of confirmation. The section permits belated assertions of a claim if scheduled by the debtor, within thirty (30) days after the date of mailing of notice of confirmation, specifically limiting, however, any such claim to an amount not in excess of that set forth in the debtor's schedules. The contentions offered by petitioners to avoid the consequences of this provision are unpersuasive.

Although the parties are not in agreement as to the underlying purpose of the 1967 amendment to § 355, both recognize that the section was adopted in 1963 to require the filing of proof of claims by creditors seeking participation in Chapter XI distributions thereby obviating their reliance exclusively on the debtor's schedules. Prior thereto, the debtor might have received an undeserved benefit by inflating the obligation due to preferred creditors. The 1967 amendment, without disturbing this

concept, extended the permissible period to file proof of claims up to the date of confirmation, and in addition provided for a circumscribed thirty (30) day grace period.

The petitioners in this arrangement had nine (9) months to file proof of their claims and contest any claimed "fraudulent" listing of debts submitted by the debtor. Referee Herzog properly concluded that as a consequence of their unexcused failure [1] to act seasonably, § 355 mandated reduction of their claims to the amounts listed in the debtor's schedules.

> "One answer to the criticism that this provision may cause inequitable results and hardships to creditors is that the creditor has it within his power to protect his rights. All that he need do is to file his claim before confirmation. If he is tardy or remiss, he should not be heard to complain." 9 Collier on Bankruptcy, § 6.1, p. 121.

Additionally, although the interests of other creditors may not be diminished by the allowance of the full claims of the petitioners, such disposition would undermine the orderly administration of Chapter XI proceedings and discourage potential investors from infusing new capital to assist the debtor in confirming its arrangement.

 Petitioners' broadside attack at the constitutionality of § 355 likewise misses the mark. "Due process" does not mandate adoption of an optimum procedure to safeguard the rights of an interested party; rather that there be

> "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 657, 94 L. Ed. 865 (1960).

As we have already herein noted, petitioners received clear notice of the first meeting of creditors and had nine (9) months to file their claims and contest any disparity in the scheduled amounts. Further, any variance in time for creditors in other Chapter XI arrangements to file proof of claims is not the result of an arbitrary and capricious classification but the consequence of a statute focusing on a rational termination date. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

Accordingly, for the reasons set forth above, the order of Referee Herzog is affirmed in all respects.

So ordered.

---

[1]. Petitioners offer no explanation for their failure to file timely proof of claims.