In the Matter of William ZECKENDORF, a/k/a William Zeckendorf, Sr., Debtor.

No. 68 B 750.

United States District Court, S. D. New York.

Jan. 16, 1973.

Charles Seligson, Weil, Gotshal & Manges, by Robert J. Rosenberg, New York City, for William Zeckendorf.

Wolf, Popper, Ross, Wolf & Jones, by Robert N. Kornreich, New York City, for Harry Lewis.

Tanzer, Mullaney, Mitherz & Pratt, by Harold Mitherz, New York City, for the Estate of David Williams.

GURFEIN, District Judge.

This is a petition by William Zeckendorf ("Zeckendorf"), the debtor, to review a determination by the Hon. Asa S. Herzog, Referee in Bankruptcy, that the claims of Harry Lewis ("Lewis") as Chairman of the Webb & Knapp 5% Sinking Fund Debenture Protective Committee ("Claim 102") and of the Estate of David Williams ("Claim 100") were timely filed in the arrangement proceeding of the debtor pursuant to § 355(1) of the Bankruptcy Act, 11 U.S.C. § 755a(1).

On August 29, 1968 Zeckendorf filed a petition for an arrangement pursuant to Chapter XI, Section 322 (11 U.S.C. § 722). He also filed a proposed arrangement which was altered and modified with leave of Court.

The part of the schedules filed by Zeckendorf as debtor setting forth the Lewis claim and the Williams claim read as follows:

| "Names of (illegible) | Residences | When and Where Contracted | Whether claim is contingent, un-liquidated or disputed | Amount due or claimed |
|---|---|---|---|---|
| * Harry Lewis, as Chairman, etc. | 845 3rd Ave. | ——— | ——— | 4,298,200.00 |
| * Estate of David Williams | 230 Park Ave. | ——— | ——— | 25,000.00 |

(*) Amount and/or claim is disputed."

The arrangement was confirmed on May 2, 1972. No claims had been theretofore filed by either Lewis or the Williams Estate.

Notice of the confirmation of the arrangement was sent to scheduled creditors who had not filed proofs of claim prior to confirmation, pursuant to Section 355 of the Bankruptcy Act (11 U.S.C. § 755a). Within thirty days from the mailing of the notice Lewis filed proof of claim No. 102 in the amount of $4,298,200, and Williams filed proof of claim No. 100 in the amount of $37,500 (instead of the $25,000 shown on the schedule by the debtor).

Objections to both claims were filed by the debtor on June 15, 1972, contending that since these claims had not been filed before the confirmation of the ar-

rangement, they were time-barred as a matter of law under Section 355 of the Bankruptcy Act.

Lewis' claim was based on alleged securities violations arising from alleged misconduct by the debtor under a Webb & Knapp Trust Indenture. His action has been pending in this Court for four years, since before the petition for the arrangement, and has not been stayed. Williams' claim was for real estate broker's commissions for which an action was begun after Williams' death and before the petition; it has been stayed by the instant proceedings in the Bankruptcy Court.

The objections were heard by the learned Referee on June 26, 1972. He thereafter ruled that these claims were not time-barred by Section 355. The debtor then petitioned this Court to review that portion of the Referee's decision and the order entered thereon.

The question is conceded to be one of first impression in a District Court.

Section 355 of the Bankruptcy Act (11 U.S.C. § 755a) provides:

> "Creditors, including the United States, any State, and any subdivision thereof, shall file their proofs of claim before confirmation except as follows:
>
> (1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; and
>
> (2) a claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct."

On its face the statute permits an exception to the requirement that proofs of claim be filed before confirmation "if scheduled by the debtor," with a further exception, however, that the claim "shall not be allowed for an amount in excess of that set forth in the debtor's schedules."

This invites inquiry of what has to be set forth in the debtor's schedules. Under Section 7a(8) of the Bankruptcy Act, 11 U.S.C. § 25a(8), one of the duties of a bankrupt is to prepare, make oath to, and file in Court "a list of all his creditors, including all persons asserting *contingent, unliquidated, or disputed claims* . . . The amount due to or claimed by each of them . . . ."[1]. I see no escape from the duty imposed on the debtor to set forth the amounts claimed, whether disputed or not. See 1A Collier, Bankruptcy ¶ 7.-11[2], p. 985. Indeed, failure to set forth such a claim might constitute the filing of a fraudulent schedule.

The form of petition prescribed by the Supreme Court in its general orders in bankruptcy recognizes this obligation. When the petition requires an answer to "Amount due or claimed" it cannot mean *either* at the choice of the debtor. It means the amount "due" if the amount claimed is acknowledged to be due. If the amount claimed is not acknowledged to be due it must still be scheduled as "amount claimed."

Where the debtor consciously or negligently understates the amount "claimed" it makes sense to require the creditor to assert his true claim for the higher amount before confirmation or be barred from asserting such a higher claim in a late filing. Congress apparently intended to reconcile the (1) assumed need for the filing of claims by creditors; (2) the speedy resolution of arrangements with adequate notice to the underwriters of the plan; and (3) the need to prevent the debtor from obtaining a windfall by a negligent failure of a creditor to file.

All these considerations are reconciled by this interpretation. The creditor is

---

1. This duty of the "bankrupt" is made applicable to debtors under Chapter XI proceedings by Section 302 of Chapter XI, 11 U.S.C. § 702. See *also* Section 324 of Chapter XI, 11 U.S.C. § 724 which requires that the petition shall be accompanied by "the schedules and statement of affairs."

not required to file *before* confirmation because his claim has been scheduled in the amount demanded. By footnote the debtor has indicated to all concerned that he acknowledges neither the amount nor the merit of the claim. All concerned must assume, therefore, that the claim for the amount "set forth" will be filed within thirty days after notice of confirmation and will be contested or settled.

■ The suggestion that a debtor could thwart the Congressional purpose by scheduling the claim at $1 and thus require the debtor to file his proof of claim before confirmation or be limited thereafter to $1 elides the mandate of Section 7a(8) of the Bankruptcy Act. A debtor and his attorney would be remiss if they failed to schedule the claim set forth in a formal court complaint. The amount in the ad damnum clause is the amount to be "set forth."

In this case, actions had begun both on the Lewis and Williams claims even before the petition for the arrangement, and it is hardly tenable for the debtor to argue now that he could have scheduled each of these claims at zero, thus limiting the late filing to that amount. If he had so scheduled the claims, contrary to his duty, the claimants would have been on notice to file their claims *before* confirmation. That is not the case here, for the debtor lived up to his obligation to file a schedule of the amounts claimed.

The debtor argues, however, that since he could have scheduled these claims at zero it is putting form over substance to hold that he failed to do the equivalent through denying the claim in toto by means of his footnote. While there is little doubt that the footnote must be read to mean a denial of the *entire* claim, thus equating the conceded part to be zero, that is not the test. The test is not the amount conceded but the amount claimed. By reading the words of Section 355—"set forth"—as including the obligation of the debtor to schedule amounts "claimed" under Section 7a(8), we leave the realm of semantics and enter into the world of substantive discourse, the world of rights and duties. The debtor is not, as he charges, the victim of a ritualistic subservience to form.

On the contrary, to adopt the petitioner's argument would be to hold that a proof of claim must be filed *before* confirmation *whenever* the claim is disputed, by footnote or otherwise. This would not take into account the literal reading of Section 355 that where the "claim" (not its resolution) is "set forth" the creditor has the thirty days after notice of a confirmation for filing.

Nor does the history of the 1967 amendments resulting in the present statute suggest any different result.

Section 369 of the Bankruptcy Act, 11 U.S.C. § 769, as amended, at the same time in 1967, provides:

> "The court shall in any event retain jurisdiction until the final allowance or disallowance of all claims affected by the arrangement which have been filed within the limitations as to time and amount prescribed by section 755a (Section 355) of this title but have not been allowed or disallowed prior to confirmation."

The phrase describing limitations as to "amount" can only have reference to that part of Section 755a which limits the amount of claims filed *after* confirmation. These obviously include disputed claims.[2]

---

2. Section 769 before the 1967 amendment specifically included among debts over which the Court was to retain jurisdiction: "[debts which] (2) are disputed or unliquidated, have been scheduled by the debtor, and are filed within the time prescribed by section 755a of this title." While the time for post-confirmation filing was changed from six months after the first creditors' meeting there is no indication in the Congressional reports that disputed or unliquidated debts were to be treated in a manner different from the former method. (H.R.Rep.No.122, 90th Cong., 1st Sess. (1967); 1967 Code Cong. and Admin.News, pp. 1996–2002).

Before 1963 no claims whatever had to be filed in Chapter XI arrangements. In re Goodrich, 168 F.Supp. 940, 943 (N.D.Cal.1956). The schedule filed by the debtor was sufficient if the arrangement took care of the claimant. Disputed or unliquidated claims did require the filing of proofs of claim before confirmation. 9 Collier ¶ 7.25[6] at p. 105. In 1963 Congress thinking that there might be abuses by the debtor in overstating the amounts due to particular favored creditors required scheduled creditors to file their own separate proof of claim whether or not the debt was in dispute. The last day for the filing of such proofs of claim was fixed at six months after the first creditors meeting.

In 1967 Section 355 was enacted in its present form. It eliminated the six months filing time which had proved confusing and substituted the requirement that claims be filed before confirmation, with the two exceptions noted above.

One of the purposes for the thirty day after notice of confirmation provision was to "protect creditors listed on the debtor's schedule who failed to file their claims within the specified period and thus prevent the debtor from obtaining an undeserved windfall." H.R.Rep. No. 122, 90th Cong., 1st Sess. (1967); 1967 U.S.Code Cong. and Admin. News at p. 1997.

The report also coupled the taking care of "claims arising from the rejection of executory contracts," and "unliquidated claims which in many cases cannot be filed within the statutory six months period" [the period specified before the 1967 amendment]. The reference to "unliquidated claims" is significant, for under petitioner's theory any disputed claim, liquidated or not, would have to be filed before confirmation if the simple device of the footnote were used to deny the claim.

The National Bankruptcy Conference Report, incorporated in the Report of the House Committee on the Judiciary, also noted with respect to the 1967 amendment of Sections 355 and 369:[3] "They would provide adequate protection for the holders of claims arising from executory contracts and the holders of disputed and unliquidated claims." H. R.Rep. No. 122, 90th Cong., 1st Sess. (1967); 1967 U.S.Code Cong. and Admin.News at p. 2001. Again, the juxtaposition makes it obvious that it refers to claims filed *after* confirmation and that no distinction is made between disputes on amount and on the merit of the claim.

So, too, the editors of Collier on Bankruptcy say that "the language of § 355(1) is clear and unambiguous in directing that the scheduled claim may be allowed only to the maximum amount *listed* if proof therefor is not filed before confirmation" (emphasis supplied; 9 Collier ¶ 7.25, p. 121).[4]

Moreover, the use of the word "listed" both by the House Committee and Collier supports my view that what is meant is not that the amount be admitted, but that it merely be "set forth."

In short, I am in accord with the decision of Referee Herzog. Whether it was wise for Congress to grant thirty days after confirmation in which a claim may be filed by *anyone* is debatable in view of the desirability of speeding arrangements and letting all concerned know where they stand. But as in so many matters of this kind the wisdom to apply is for Congress not the courts.

On petition for review, the decision of the Referee is confirmed.

---

3. Also Section 367(3).

4. Thus, while Collier believes that a creditor's rights may be cut down by the debtor's scheduling a claim for a nominal amount, that is because the creditor, being on notice, can protect his rights by filing before confirmation. If, on the other hand, he sees his claim "listed" for its *full* amount he has no need to file before confirmation even though he knows that when he does file he will be in for a hot contest to the last dollar.