Miguel A. GARCÍA MÉNDEZ, Plaintiff,

v.

Sucesion de Edgardo VÁZQUEZ BRUNO, constituted by his widow Leticia Bassó Vda. de Vázquez, and his children Edgardo N. Vázquez Bassó and Leticia O. Vázquez Bassó, Defendants.

Civ. No. 75–1409.

United States District Court,
D. Puerto Rico.

March 4, 1977.

**986**

Benjamín Rodríguez Ramón, Hato Rey, P. R., for plaintiff.

Víctor E. Báez, San Juan, P. R., for defendants.

## MEMORANDUM OPINION AND SUMMARY JUDGMENT AS TO DEFENDANTS' COUNTERCLAIM

PESQUERA, District Judge.

This cause came to be heard on February 14, 1977 to consider plaintiff's motion for summary judgment and defendants' opposition to the same. Plaintiff was represented by his attorney, Benjamín Rodríguez Ramón, and the defendants by their attorney Víctor E. Báez. Both parties argued *in extenso* their respective positions in regard to the matter at bar.

Upon consideration of the documents submitted in support of both the motion for summary judgment and the opposition thereto, the pleadings in this proceeding, and the arguments of counsel, it appears to the Court that there are no genuine issues of facts between the parties in this case as to the following particulars:

1. Plaintiff, Miguel A. García Méndez, is the assignee of a certain credit that Central Igualdad, Inc., its assignor, had against the estate of Edgardo Vázquez Bruno, constituted by his widow, Leticia Bassó de Vázquez, and his children Edgardo N. and Leticia O. Vázquez Bassó, who are the defendants in this action.

2. The said credit is for the principal amount of $73,933.65, interest totalling $15,689.43, plus interest at 6% per annum from the filing of the complaint on August 19, 1975, until final payment.

3. Plaintiff became assignee of the mentioned credit on May 30, 1975, upon a duly notarized document of assignment, executed between him and Central Igualdad, Inc.

4. On February 3, 1972, Central Igualdad, Inc. filed a petition for an arrangement with its creditors under Chapter XI of the Bankruptcy Act before this Court, Case No. B–16–72.

5. In accordance with Schedule B–3(A), filed by said debtor, there appears a debt due to Central Igualdad, Inc. by the estate of Edgardo Vázquez Bruno, for the sum of $73,933.65.

6. The defendants herein instituted court action against Central Igualdad, Inc. before the Superior Court of Puerto Rico, Section of Mayaguez, on April 28, 1972, that is, a few months after Igualdad sought relief before this Court under the Bankruptcy Act. This action was ordered stayed by the Bankruptcy Court.

7. As appears from the claims' docket of the Bankruptcy Court in the case of Igualdad, despite their knowledge of the bankruptcy proceedings of Central Igualdad, Inc., the defendants never filed in said Chapter XI proceedings a proof of claim in regard to the cause of action exercised before the Superior Court of Mayaguez.

8. On May 7, 1975, the Hon. Rafael A. Rivera Cruz, then Bankruptcy Judge, entered an order entitled "Order Confirming Plan", which order is final on this date. In accordance with the same, Central Igualdad, Inc., among other particulars, was released from all dischargeable debts, and from all nondischargeable debts, excepted from discharge, under clauses 2, 4 and 8 of Section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35.[1]

9. Said confirmation order also provides, in subparagraph (C) thereof, as follows:

"C. All creditors whose debts are discharged by this order and all creditor having claims of a type referred to in paragraph (B)(2) above are enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the above-named debtor."

10. In accordance with paragraph 1 and 2 of the complaint, and paragraph 1 and 2 of defendants' answer, the defendants admit liability to the plaintiff for an undetermined amount, to be determined on due time by the Court, on the basis of setting-off the totality or part thereof in accordance with defendants' counterclaim for damages.

Plaintiff assumes the position that any and all rights the defendants had to claim from him and/or from his assignor, Central Igualdad, Inc., as a consequence of the facts alleged in their counterclaim in this case, are forever barred, because of defendants' failure to file a proof of claim in the bankruptcy proceedings of Central Igualdad, Inc. As a consequence thereof, he claims that the confirmation order has discharged him and his assignor from any such claim. In so doing, he relies on Section 355 of the Bankruptcy Act, 11 U.S.C. § 755, in *In Re Arnco Auto Supply Company* (Mass.1969), 306 F.Supp. 328, in *Highland Realty, Inc. v. Superior Court of Puerto Rico*, P.R. Bar Association Ref. 1975–17, and in Section 17 of the Bankruptcy Act. From all these and other authorities cited, plaintiff comes to the conclusion that whatever rights the defendants had to claim against him and/or against Central Igualdad, Inc. have been totally exhausted or have disappeared.

Defendants, on the other hand, predicate their opposition to plaintiff's motion for summary judgment on the fact that plaintiff, as assignee of Igualdad, cannot benefit from Igualdad's discharge of defendants' counterclaim, because, so they argue, the discharge is just a bar to the enforcement of legal proceedings, and does not extinguish the debt owed by the discharged bankrupt to all purposes. They support their position in various cases from United States District and Circuit Courts, and from State Supreme Courts, all of them prior to 1970.

The Court has given detailed and adequate consideration to all the authorities cited in support and in opposition to the claims of the respective parties in this proceeding, and after given the necessary weight and due value to the same, can only conclude that summary judgment must be entered in plaintiff's favor.

■ Section 17 of the Bankruptcy Act relative to the discharge of bankrupts, applicable to Chapter XI debtors in accordance with Section 302 of the Bankruptcy

---

1. Section 17. DEBTS NOT AFFECTED BY A DISCHARGE—

a. A discharge in bankruptcy shall release a bankrupt from all his probable debts, whether allowable in full or in part, except such as . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another; . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; . . . (8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision."

Act,[2] 11 U.S.C. § 702, was extensively revamped in 1970 by Congress. One of the purposes of such amendments was to prevent State courts from intervening in the determination of whether a debt owed by a previous bankrupt had been discharged or not in the bankruptcy proceeding, thus avoiding so-called "split discharges". See Countryman, "The New Dischargeability Law, 45 American Bankruptcy Law Journal, 1, 8, 25–28 (1971). Section 17 of the Bankruptcy Act, as it now reads, provides that a discharge in bankruptcy shall release a bankrupt from all his probable debts, whether allowable in full, or in part, with various exceptions such as taxes, liabilities for obtaining money or property by false pretenses, etc. In order for a creditor to benefit from the nondischargeability of a debt, the new Section 17(c) demands that he file an application for a determination of dischargeability from the Bankruptcy Court, and if such application is not filed, the debt shall be discharged. Section 14(f) furtherly states, after the 1970 amendments, as follows:

"f. An order of discharge shall—

(1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt with respect to any of the following: (a) debts not excepted from the discharge under subdivision a of section 17 of this Act; (b) debts discharged under paragraph (2) of subdivision c of section 17 of this Act; and (c) debts determined to be discharged under paragraph (3) of subdivision c of section 17 of this Act; and

(2) enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt."

The Supreme Court of Puerto Rico has decided in the case of *Highland Realty, Inc. v. Superior Court of Puerto Rico, supra,* in an opinion entered on January 31, 1975, that the nonfiling by creditors of their claims in a Chapter X proceeding, makes the nonfiled claims "disappear", and therefore, a trial court lacks jurisdiction to entertain proceedings for the collection of such claims after a discharge or an order confirming a reorganization plan has been entered by the Bankruptcy Court. The tenor of all these authorities, and particularly of the 1970 amendments to Section 17 and 14 of the Bankruptcy Act, is to extinguish all claims against debtors and/or bankrupts, that have not been docketed as such in their bankruptcy proceeding. To this extent the matter is more than a mere bar to the enforcement of such type of claims: it is an extinguishment, disappearance, or caducity, that puts an end to all possible exercise of the claim against the obligor.

The Court has further examined the situation in the context of a possible simultaneous set-off of both the plaintiff and the defendants' claims under the Civil Code of Puerto Rico. We sit in this instance as a local court, since federal jurisdiction in this case arises because of the diversity of citizenship of the parties, under 28 U.S.C. § 1332. However, even so we do not believe that the applicable provisions of the Civil Code create now or created before the assignor's bankruptcy an extinguishment of plaintiff's credit against the defendants under the civil law principles of set-off.

Article 1149 of the Civil Code of Puerto Rico, 31 LPRA 3221 provides that "compensation shall take place when two persons, in their own right, are mutually creditors and debtors of each other"; and Article 1150 (31 LPRA 3222) itemizes the necessary requisites for the automatic operation of com-

---

2. The provisions of Chapters I to VII, inclusive, of this Act shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to "bankrupts" shall be deemed to relate also to "debtors", and "bankruptcy proceedings" or "proceedings in bankruptcy" shall be deemed to include proceedings under this chapter . . . ."

pensation or set-off, as a source for the extinguishment of obligations. It reads:

"In order that compensation may be proper, it is required:

1. That each of the persons bound should be so principally, and that he be at the same time the principal creditor of the other.

2. That both debts consist of a sum of money or, when the things due are perishable, that they be of the same kind and also of the same quality, if the latter should have been stipulated.

3. That both debts are due.

4. That they be determined and demandable.

5. That none of them is subject to any retention or suit instituted by a third person, and of which due notice has been given the debtor."

The claim made by defendants in this case does not meet some of these requisites. It was not determined (liquidated) before the bankruptcy proceedings of plaintiff's assignor, so that after an automatic set-off or set-off by operation of law only the unpaid balance, if any, would have been discharged in the bankruptcy proceedings. Further, such claim remains undetermined (unliquidated) and as we have formerly seen, such claim became not demandable when it was totally extinguished prior to the filing of this action, and since the entry of the confirmation order by the Bankruptcy Court in the Chapter XI proceeding of Central Igualdad, Inc. See *Fuentes v. Aponte,* 63 PRR 187 (1944) and *American Fire & Casualty Co. v. First Nat. Bank of New York,* CCA 1, 1969, 411 F.2d 755. Therefore, the Court believes that the Civil Code's provisions as to set-off do not help defendants counterclaimants' position in this case.

In view of the foregoing, it is the Court's opinion that the plaintiff's motion should be granted and there being no reason for delay, it is ORDERED, ADJUDGED and DECREED that defendants' counterclaim against plaintiff be and it is hereby dismissed with prejudice and costs in favor of plaintiff.