**In the Matter of The VALLEY FAIR CORPORATION, Debtor.**

**CLAIM of S & S CLEANERS.**

**Bankruptcy No. 77 B 2978.**

United States Bankruptcy Court, S. D. New York.

June 6, 1980.

## OPINION

ROY BABITT, Bankruptcy Judge:

The issue in this dispute between the debtor and a creditor is whether the period of time fixed by the court in an order for the filing of a claim by that creditor is no less a statute of inexorable limitation than is an act of Congress or a rule promulgated under 28 U.S.C. § 2075. For the reasons which follow, the court concludes that its order is a statute of limitations, peremptory and mandatory, with the result that the creditor's motion for an order sustaining its claim against the debtor's assets must be denied.

The facts are these: Valley Fair Corporation filed a petition here on December 23, 1977 for the relief given by Chapter XI of the now repealed 1898 Bankruptcy Act, Sections 301 *et seq.*, 11 U.S.C. (1976 ed.) §§ 701 *et seq.*[1]

In the unfolding of the Chapter XI process, and as authorized by Section 313(1), 11 U.S.C. (1976 ed.) § 713(1), and its analogue in the Chapter XI Rules, Rule 11–53, 415 U.S. 1036, the debtor sought rejection of its 1976 executory contract of lease with S,& S Cleaners (S&S). By that lease, the debtor had sublet premises to S&S from which the latter conducted its dry cleaning business.

This court entered its order granting rejection on April 12, 1979 and granted S&S a 30-day period within which to file its claim based on such rejection as authorized by Rule 11–33(b)(2)(B), 415 U.S. 1024. Five days later, on April 17, S&S asked for rehearing under applicable law, and sought a stay of the effect of the April 12, 1979 order. On April 20, 1979 this court granted rehearing, adhered to its prior judgment, and refused to stay of its order pending the appeal which S&S said it would take.

Counsel for S&S filed an appeal from the orders of April 12 and 20 under Section 39c, 11 U.S.C. (1976 ed.) § 67c and Part VIII of

Leinwand, Maron, Hendler & Krause, New York City, for debtor by Harris D. Leinwand, New York City, of counsel.

Burns, Miller, Jackson, Summit & Jacoby, New York City, Robert P. Herzog, New York City, for claimant.

---

1. Despite the enactment on November 6, 1978 of the 1978 bankruptcy reform legislation, Pub. L.No.95–598, 92 Stat. 2459 *et seq.*, its effective date on October 1, 1979, and the repeal of the 1898 Act, Section 403(a) of its Title IV, it is clear that cases filed under the latter proceed despite its repeal as though the 1978 statute did not exist. See fn. 6 to *Guardian Mortgage Investors v. Unofficial Noteholders, etc.*, 607 F.2d 1020 (2d Cir. 1979).

the Bankruptcy Rules, 411 U.S. 1086 *et seq.*, applicable in Chapter XI cases by force of Rule 11–62, 415 U.S. 1038, to the District Court for the Southern District of New York, which affirmed this court's orders on August 7, 1979. S&S then filed an appeal to the Second Circuit Court of Appeals which affirmed on November 16, 1979 holding that the sublease between the debtor and S&S was an executory contract within the meaning of Section 313(1) of the Act.

On December 11, 1979 S&S made a motion for an order allowing its claim dated that day[2] to be allowed, and for a hearing as to any dispute involving its claim, including its timeliness, on the ground that this court's April 12 order had not become final until the Court of Appeals rendered its decision of affirmance on November 16, 1979. That proof of the S&S claim is for $160,000.00 for "damages occassioned [sic] as a result of the rejection of a written agreement dated December 1975 [sic] between claimant and debtor."

The debtor, in its answer, denied that the orders of April 12th and 20th had not become final prior to the decision by the Court of Appeals, with regard to the fixing of the time for S&S to file its claim, and raised three affirmative defenses to the S&S motion: (1) that the orders of April 12 and 20 required S&S to file its claim within 30 days of their entry and that no stay of such orders having been granted, the claim was time barred; (2) if there had been a stay of the court's orders pending final resolution of the issues, and S&S had been given 10 days from the entry of that decision on appeal, the claim was still not timely filed; and (3) allegations going to the merits of the claim.

As seen, the authority of this court to authorize rejection of executory contracts is fixed by Section 313(1). This is a specific grant in addition to the Chapter XI court's general jurisdiction and power to act where appropriate. Where, as here, that court has acted to terminate a lease, Section 353, 11 U.S.C. (1976 ed.) § 753, confers creditor status on "any person injured by such rejection." See 9 *Collier on Bankruptcy* (14th ed.) §§ 7.15 *et seq.*

The grant of this creditor status which could come as late in the Chapter XI process as confirmation of the debtor's plan[3] is given content by Section 355(2), 11 U.S.C. (1976 ed.) § 755(2) and Rule 11–33(b)(2)(B), 415 U.S. 1024, which provide that a claim arising from rejection "may be filed within such time as the court may direct."

■ Those words and the rights they give carve out one of the exceptions to the normal rule requiring the filing of proofs of claim before confirmation. Since, in the case of a rejection of an executory contract, the non-debtor party is not a creditor until rejection is authorized by the court under Section 313(1), this exception allows the court to fix a reasonable time for the filing of that party's claim. *In re Miracle Mart, Inc.*, 396 F.2d 62, 65 (2d Cir. 1968).[4]

This court fixed a 30-day period in its April, 1979 orders, and when a stay of the effect of the April 12 order was denied on April 20, at the least, S&S still had more than 20 days to take the steps it had to take to protect its alleged claim bottomed on the rejection.

It is no longer a litigable issue, and needs no citation of abundant authority, that the period fixed by statute for the filing of claims against the assets of an estate is a statute of limitations, mandatory and inex-

---

**2.** As reflected on this court's claims register kept under Rule 504(a), 411 U.S. 1055, made applicable to Chapter XI claims by Rule 11–60, 415 U.S. 1037, the S&S claim was filed on December 12, 1979.

**3.** Section 357(2), 11 U.S.C. (1976 ed.) § 757(2), permits rejection of an executory contract in a plan which is ambulatory until it is confirmed. Upon rejection by this mode, the other party to

the rejected contract becomes a creditor at confirmation under Section 353.

**4.** Rules 11–33(b)(2) and (3) set forth other exceptions to the general rule of Rule 11–33(b)(2) that

"a claim . . . must be filed before confirmation of the plan . . . ." See 14 *Collier on Bankruptcy* (14th ed.) ¶¶ 11–33.04 *et seq.*

orable, peremptory and unyielding even to the exercise of some equitable power. Congress' solicitude for those becoming creditors because of rejection occurring after the time otherwise fixed for asserting claims had expired goes only so far as Section 355(2) and Rule 11–33(b)(2)(B) go, but not further.[5] Internal proof that no deviation was contemplated is found in Rule 11–63(2), 415 U.S. 1039, making Rule 906(b), 411 U.S. 1094, applicable to the time fixed for claims to be filed by Rule 11–33(b)(2). Simply described, Rule 906(b) denies the court any power to extend the time for the filing of claims set forth by Rule 302(e), 411 U.S. 1044, in the bankruptcy context and by Rule 11–63(2) in the Chapter XI context.[6] This denial reaches not only to the period fixed by statue or rule, but also to the period fixed by the court under the authority of the statute and rule.

■ So, when all is said and done, S&S rests on the argument that the period fixed by this court in its April, 1979 orders, at the latest May 20, 1979, should be read to mean 30 days from the November 16, 1979 Court of Appeals affirmance of the order authorizing rejection and fixing that 30-day period.

The short answer is that while S&S could appeal in an effort to vindicate what it saw as improper rejection, it had it within its hands to file a claim to protect itself in the event it did not prevail, as, indeed, happened. See *In re Morweld Steel Products Corp.*, 20 C.B.C. 204 (Bankruptcy Court, W.D.Mich.1979), where an unsecured claimant filed a proof of claim after entry of the order of confirmation but before resolution of all appeals from that order. The claimant there argued that the applicable time limit could not run out until the issues were disposed of on appeal. The bankruptcy court held that the claim was barred as not timely filed despite the pending appeal. The policies underlying this rule are picturesquely described by the bankruptcy court in *In re Trotwood Corp.*, 11 C.B.C. 591, 594–5 (Bankruptcy Court, S.D.Ohio 1976), in these words:

> "The subject of the allowance of claims in Chapter XI proceedings has received concentrated attention and treatment by the Congress since 1963; hence, there is slight need at most for judicial medling [sic] or 'judicial legislation' under any 'equity powers.'"

\* \* \* \* \* \*

"A judicial determination that Section 355 operates as an absolute statute of limitations barring claims not filed within the specified period should not be unexpected. See *Arnco Auto Supply Co.*, 306 F.Supp. 329 [328] (1969, D.C.Mass.); *In Re Max Greenblatt, Inc.*, 334 F.Supp. 1044 (1971, D.C.N.Y.) and *Re Zeckendorf*, 353 F.Supp. 543 (1973, D.C.N.Y.). 'Barnyard equity' perhaps engenders a feeling that the statutes may, in effect, permit an unjust enrichment to a Chapter XI debtor if a claim is not filed within the legislative parameters. A court, however, must assume that the Congress was equally aware of such problems and that the conflicting rights and interests of the literally hundreds of parties involved in the Chapter XI cases must be balanced."

The conclusion is irresistible that S&S chose its own course. As in *Federal's Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977), in a "decision deliberately made", S&S chose to "rely on a legal

---

**5.** Rule 11–33 and its companions were promulgated under and travelled the route described by 28 U.S.C. § 2075 authorizing the Supreme Court to prescribe, "by general rules . . . the practice and procedure under the Bankruptcy Act." There should be no question that these rules have the force and effect of law. See *United States v. Nixon*, 418 U.S. 683, 695, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

**6.** S&S eschews, and wisely so, the argument that Section 313(3) should be read to overcome the force of the special treatment concerning the time for filing claims which is one of the few constants in the administration of bankruptcy. In any event, S&S never sought a Section 313(3) extension of time. It is therefore unnecessary to expound on the impact of Rule 11–63 and the mandatory "shall" of Section 355 on that section.

theory" that on appeal it would be released from the effect of a rejection of its agreement as authorized by this court. As the Sixth Circuit Court of Appeals noted, "such a deliberate choice is not the type of mistake contemplated by Rule 60; nor can it be construed as the result of "excusable neglect." [7]

Thus, this court concludes that the motion by S&S to have its claim allowed as timely is denied. It is therefore barred from sharing in the debtor's assets. Submit an order.

---

**7.** This court need not now grapple with the question of whether the "excusable neglect" standard of F.R.Civ.P. 60(b) is available in the matter of an order fixing a time for filing a claim under Rule 11–33(b)(2)(B). S&S no-where has suggested that its choice to proceed only on the appellate track was "excusable neglect" sufficient to invoke Rule 60(b) even if it could be said to apply.