In re Lloyd DAVIS, Jr., Barbara E. Davis, Debtors.

Bankruptcy No. 79–01000.

United States Bankruptcy Court, S.D. Alabama.

June 10, 1983.

90

Charles S. Street, Mobile, Ala., for trustee.

E. Graham Gibbons, Mobile, Ala., for HFC.

## ORDER ON OBJECTION TO CLAIM

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Objection of Robert H. Ching, Jr., Trustee, to Claim No. 8 filed by Household Finance Corporation (HFC) in the amount of $3,000.66 as an unsecured claim; due notice of hearing having been given; and the matter having been submitted upon the pleadings and arguments of counsel;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

The debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 14, 1979. Robert H. Ching, Jr. is the duly appointed, qualified and acting Trustee.

The Order of the Court fixing the meeting of creditors for December 10, 1979 stated that the case appeared to be a "no asset" case and that it was unnecessary for creditors to file claims. Subsequently, on October 20, 1981 creditors were notified by mail that assets had come into the estate and that December 21, 1981 was fixed as the last day for the filing of a proof of claim.

On December 31, 1981 Household Finance Corporation filed Claim No. 8 herein as an unsecured claim in the amount of $3,000.66.

The answer filed herein by HFC alleges that it received the notice sent by the Court, but failed to file its claim within the time allowed because at the time it was experiencing a change of personnel, including its local manager.

### CONCLUSIONS OF LAW

Under Bankruptcy Rule 302(e)(4), in a Chapter 7 case where notice of "no dividend" has been given to creditors and subsequently the payment of a dividend appears possible, the Court is required to grant creditors a reasonable fixed time for the filing of claims, of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

Bankruptcy Rule 302

The time fixed by the Court was within the limits fixed by the rule.

Rule 906(b) which empowers the Court, with certain restrictions to grant extensions of time within its discretion, specifically provides that it does not apply to the limitations imposed by Bankruptcy Rule 302(e).

Bankruptcy Rule 906

It is the opinion of this Court that the time limitation fixed by the Court for the filing of claims is mandatory; and that the claim of Household Finance Corporation is due to be disallowed as a timely filed claim, but allowed as a tardy claim, entitled to a subordinated status established by Bankruptcy Code Section 726(a)(3). *In re Oakton Beach & Tennis Club Real Estate Limited Partnership* 9 B.R. 201 (ED, Wis, Bkrtcy. —1981); *In re Vally Fair Corp.* 4 B.R. 564 (SD, NY, Bkrtcy.—1980).

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Objection of Robert H. Ching, Jr., Trustee, to the claim of Household Finance Corporation, being Claim No. 8, be, and it hereby is,

SUSTAINED; and said claim is hereby DISALLOWED as a timely filed claim herein; but ALLOWED as a tardily filed claim entitled to subordinated payment under Section 726(a)(3) of the Bankruptcy Code.